(720 P.2d 1137)
No. 58,500

RODNEY J. and JANE B. SMITH, *Appellants*, v. WAYNE DUNN, DONALD V. "BUCK" SCHOOLER, BOB RICKEL, and DOUG RICKEL, *Appellees*.

Opinion filed June 26, 1986.

*Craig C. Blumreich*, of Benfer and Farrell, of Topeka, for the appellants.

*Frederick W. Godderz*, of Ramskill & Godderz, of Burlingame, for the appellees, Bob and Doug Rickel.

Before BRISCOE, P.J., JAMES W. PADDOCK, District Judge, assigned, and ROBERT G. JONES, Associate District Judge, assigned.

BRISCOE, J.: Plaintiffs, Rodney J. and Jane B. Smith, sued defendants, Wayne Dunn, Donald V. "Buck" Schooler, Bob Rickel and Doug Rickel, for damages to their home caused by fire. The trial court granted summary judgment in favor of defendants Bob and Doug Rickel. The Rickels moved the court to award their attorney fees and expenses contending the suit against them was frivolous. The trial court granted this motion against plaintiffs' attorney pursuant to K.S.A. 60-211 and 60-2007 and entered judgment against plaintiffs' attorney in the amount of $2,188.05 plus interest at the judgment rate. Plaintiffs' attorney appeals.

The sole issue raised is whether the trial court abused its discretion in assessing attorney fees and expenses against plain-

tiffs' attorney pursuant to K.S.A. 60-211 and 60-2007 for filing an amended petition which joined the Rickels as defendants. We reverse.

In 1974 the plaintiffs contacted Wayne Dunn to have him construct a chimney and fireplace for a woodburning stove, prior to moving into their new house. Dunn agreed to do the work. Although Dunn had other workmen assist him with the work, the plaintiffs testified that they paid only Dunn.

Plaintiffs were not present when the chimney was constructed and have no knowledge of who in fact was involved in its construction. The exterior chimney was completed in late 1974.

The interior work was done in July 1975. Plaintiffs saw Dunn construct the brick veneer wall and the brick flooring upon which the stove would stand. Plaintiffs also saw Dunn work on the hole in the interior wall where the stovepipe was inserted. Plaintiffs never saw Bob or Doug Rickel work on either the exterior chimney or the interior construction.

On May 6, 1982, plaintiffs' home was damaged by fire. The cause of the fire was investigated and plaintiffs were informed that the fire originated in the wall near the woodburning stove. Specifically, the fire was caused by the presence of combustible materials in the wall which were left too close to the uninsulated stovepipe that led through the wall and to the chimney flue.

The question for plaintiffs and their counsel then became who was responsible for leaving the combustible material too near the uninsulated stovepipe? Plaintiffs first sued Dunn alleging he was negligent in constructing the chimney and installing the woodburning stove. Plaintiffs also alleged Dunn's actions constituted a breach of warranty.

Plaintiffs took Dunn's deposition on February 27, 1984. During his deposition, Dunn testified that Buck Schooler and Gary Lane had assisted in the chimney project. Dunn also testified he could not recall what work he had performed on the interior of the house but that the exterior chimney had already been completed by that time. Subsequent to his deposition, Dunn informed plaintiffs' attorney he was mistaken about Lane's involvement and believed that Bob and Doug Rickel, along with Schooler, were the other parties involved.

Bob Rickel was a bricklayer and his nephew Doug worked as his assistant. Plaintiffs' attorney visited with Bob on several

occasions but Bob denied that he and Doug had done any work on the plaintiffs' property.

On April 11, 1984, Dunn's attorney sent plaintiffs' attorney a copy of a December 11, 1974, letter from plaintiffs to Dunn which had been sent to Dunn with payment for itemized labor and material. By notation on this letter, Dunn's wife indicated Bob Rickel had been paid $160. Bob could not explain this payment but continued to deny any involvement with plaintiffs' chimney project. On April 25, 1984, approximately two weeks before the statute of limitations was to expire, Dunn's attorney sent plaintiffs' attorney two cancelled checks. One dated December 22, 1974, was from Dunn to Bob for $160. The other dated December 30, 1974, was from Dunn to Doug in the amount of $273. Both checks were endorsed by the respective payees and presented for payment. Both checks bore the memo notation "R. Smith job." The $273 check coincided with an enumerated amount for 42 hours of labor at $6.50 per hour contained in the December 11, 1974, letter from the Smiths to Dunn.

Plaintiffs' attorney amended the original petition and included Bob and Doug Rickel as defendants on April 26, 1984. After being named a defendant, Bob was deposed by plaintiffs' attorney. He continued to deny any involvement with plaintiffs' chimney project and was unable to explain the checks from Dunn. Bob could only speculate that the $160 check could have been for a cement mixer or for something other than business.

The Rickels filed a motion for summary judgment on October 9, 1984, and on December 7, 1984, the trial court entered summary judgment in their favor. According to the court, even if the two checks evidenced their involvement in the project, there was no evidence to demonstrate any negligence on their part which caused the fire. After the court entered summary judgment in their favor, the Rickels sought recovery of their costs, expenses, and attorney fees against the plaintiffs and Dunn. The Rickels claimed they were joined as defendants without a reasonable basis in fact and that plaintiffs joined them as defendants without any prior investigation of the facts or discussion with the Rickels. The Rickels argued that had plaintiffs investigated their claim against the Rickels, they would have determined the Rickels were not involved in any of the acts that caused plaintiffs' damage.

K.S.A. 60-211 provides:

"The signature of an attorney constitutes a certificate by the attorney that the attorney has read the pleading; that to the best of the attorney's knowledge, information and belief there are good grounds to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this section, it may be stricken, and the action may proceed as though the pleading had not been served. For a willful violation of this section, an attorney may be subjected to appropriate disciplinary action and may be held liable, pursuant to K.S.A. 60-2007, for the payment of attorney fees and expenses of adverse parties incurred as a result of such violation. Similar action may be taken if scandalous or indecent matter is inserted."

K.S.A. 60-2007 provides in pertinent part:

"(b) At the time of assessment of the costs of any action to which this section applies, if the court finds that a party, in a pleading, motion or response thereto, has asserted a claim . . . without a reasonable basis in fact and not in good faith, the court shall assess against the party as additional costs of the action, and allow to the other parties, reasonable attorney fees and expenses incurred by the other parties as a result of such claim, defense or denial. An attorney may be held individually or jointly and severally liable with a party for such additional costs where the court finds that the attorney knowingly and not in good faith asserted such a claim . . . .

. . . .
"(d) The purpose of this section is not to prevent a party from litigating bona fide claims or defenses, but to protect litigants from harassment and expense in clear cases of abuse."

The assessment of attorney fees and expenses pursuant to K.S.A. 60-211 and K.S.A. 60-2007(b) lies within the sound discretion of the court and will not be disturbed on appeal absent a showing of abuse. *Cornett v. Roth*, 233 Kan. 936, 945, 666 P.2d 1182 (1983). The burden of demonstrating an abuse of discretion is on the party asserting it. *Lone Star Industries, Inc. v. Secretary, Kansas Dept. of Transp.*, 234 Kan. 121, 131, 671 P.2d 511 (1983). Judicial discretion is said to be abused when judicial action is arbitrary, fanciful, or unreasonable. *Cook v. Cook*, 231 Kan. 391, 394, 646 P.2d 464 (1982). The fact that a party's claim is ultimately denied does not in itself indicate that the claim was frivolous. *City of Shawnee v. Webb*, 236 Kan. 504, 512, 694 P.2d 896 (1985). Rather, we must look at whether there was a "reasonable basis in fact" for the claim when it was asserted, *and* whether the claim was asserted in good faith. K.S.A. 60-2007(b).

In assessing attorney fees and expenses against plaintiffs' attorney, the trial court concluded that plaintiffs' claim against Bob and Doug Rickel was without a reasonable basis and based

upon that conclusion the court then determined the claim was not made in good faith. According to the trial court, there was no evidence to support the claim. The trial court found that all the information received by the plaintiffs revealed that any negligence that caused the fire related to the interior rather than exterior work on the chimney. In addition, the only evidence of the Rickels' involvement, *i.e.*, the two cancelled checks, indicated their involvement was on the exterior and had been completed in the fall of 1974. Plaintiffs testified that the interior work was done in 1975 by Wayne Dunn. The trial court concluded that proceeding against the Rickels in light of this information evidenced a lack of good faith.

Plaintiffs' attorney raises three arguments in support of his contention that the trial court abused its discretion in assessing fees and expenses. First, he argues that the trial court erred in applying hindsight rather than foresight in evaluating the reasonable basis for the claim. Plaintiffs' attorney contends that a more thorough investigation was not possible because the statute of limitations was about to run. He notes that the Kansas Supreme Court has considered this an important consideration in *Nelson v. Miller*, 227 Kan. 271, 607 P.2d 438 (1980). According to plaintiffs' attorney, the Rickels' denial of any involvement created uncertainty, and he contends it was therefore reasonable to proceed against them. The trial court rejected this argument, concluding that all the information gathered before the claim was filed exonerated the Rickels. The trial court indicated that uncertainty without any supporting evidence is not a reasonable basis for a claim.

Although it does not appear that the trial court based its conclusion on the mere fact that the claim ultimately proved unsuccessful, we cannot agree that all the facts gathered by plaintiffs before the claim exonerated the Rickels. Plaintiffs had the letter, the checks, and Dunn's testimony, all indicating the Rickels had worked on the plaintiffs' construction. Plaintiffs' attorney, who was faced with the running of the statute of limitations, had sufficient evidence upon which to proceed with a claim against the Rickels and attempt to prove their negligence.

Second, plaintiffs' attorney contends there was a reasonable basis in fact to bring a claim against the Rickels because there was evidence the Rickels performed part of the construction and

it remained in question whether the Rickels or Dunn made the "opening to the chimney." Plaintiffs' attorney points to the trial court's own finding entered after the trial involving the claim against Dunn that Dunn did not do all of the cutting on the passageway between the interior hole in the wall and the exterior chimney flue. The court found that this passageway had already been partially completed prior to the time Dunn did his interior work in July 1975.

We find this "passageway" argument compelling and, consequently, we do not agree with the trial court's factual analysis of this case. In determining whether plaintiffs' attorney had a reasonable basis in fact to assert a claim against the Rickels, the trial court broke its analysis down to whether there was any evidence to support a claim that the Rickels were negligent in their performance of either the exterior or the interior work. The court then concluded the fire was caused by the interior work and that the evidence tying the Rickels to the job all related to earlier exterior work. This interior/exterior analysis is too simplistic and it ignores the fact that the fire started in the wall— between the interior and exterior work. It would appear logical that either Dunn working from the inside or the Rickels working from the outside could have had some part in constructing the hole through the wall and preparing the hole for the placement of the stovepipe. Plaintiffs' attorney had a reasonable basis in fact to file a claim against the Rickels.

Finally, plaintiffs' attorney contends that he should not be found to have acted without good faith where the claim asserted had a reasonable basis. Under our interpretation of the statute, a finding of good faith does not establish a reasonable basis in fact, or vice versa. As we interpret the statute, two separate requirements must be met before attorney fees and expenses can be assessed: (1) the claim asserted was without reasonable basis in fact; and (2) the claim was not asserted in good faith. In other words, it would be possible for the attorney to have acted with actual good faith even though it could later be shown that the claim had no reasonable basis in fact when it was asserted. When read in this manner, the statute would only penalize willful misuses of the judicial process. This interpretation is consistent with K.S.A. 60-211 which provides that "willful" attorney violation of the statute may be dealt with pursuant to K.S.A. 60-2007.

Here, the trial court made no separate subjective analysis of whether the plaintiffs' attorney exercised good faith in asserting a claim against the Rickels. Given our decision that plaintiffs' attorney had a reasonable basis in fact to assert the claim, we do not remand the good faith issue to the trial court for further findings.

The judgment entered against plaintiffs' attorney is reversed.