(805 P.2d 507)

No. 65,231

CITY OF LENEXA, KANSAS, *Appellee*, v. C. L. FAIRLEY CONSTRUC-
TION COMPANY, INC., *Appellant*.

Petition for reviewed denied April 23, 1991.

Opinion
filed February 1, 1991.

*Stephen J. Dennis*, of Niewald, Waldeck & Brown, of Overland Park, for
appellant.

*R. Scott Beeler*, and *Albert F. Kuhl*, of Gage & Tucker, of Overland Park,
for appellee.

Before BRAZIL, P.J., ELLIOTT, J., and M. KAY ROYSE, District
Judge, assigned.

ELLIOTT, J.: C.L. Fairley Construction Company, Inc., (Fair-
ley) appeals from a district court order vacating an arbitration
award in Fairley's favor. We reverse.

In June 1984, Fairley entered into a construction contract with the City of Lenexa. The contract contained three provisions relevant to this appeal. First, under paragraph 9.9 of the contract, an independent project engineer was the interpreter of contract requirements and the judge of performance. All claims, disputes, or other matters relating to the performance of the contract were to be referred to the project engineer for decision. Second, paragraph 9.10 stated that either Lenexa or Fairley could demand arbitration of any claim or dispute that had been submitted to the project engineer. The demand had to be made within 30 days of the project engineer's written decision on the dispute or claim, and the failure to demand arbitration within this 30-day period resulted in the project engineer's decision being final and binding on Fairley and Lenexa. Third, paragraph 14.16 of the contract stated that acceptance of final payment by Fairley would constitute a waiver of all claims by Fairley against Lenexa "other than those previously made in writing and still unsettled."

During the course of the project, a dispute arose concerning $9,000 in liquidated damages and $4,268.16 in back charges. Fairley, Lenexa, and the project engineer exchanged a series of letters concerning the correct amount of Fairley's final payment. Fairley and Lenexa disagree over which of these letters properly submitted the dispute to the project engineer and which represented the project engineer's final decision. Lenexa also contends that Fairley waived all claims except the $13,268.16 originally in dispute by acceptance of final payment.

Fairley filed a demand for arbitration with the American Arbitration Association, seeking recovery of liquidated damages, improper back charges, and increased costs due to delays. The day after arbitration began, Lenexa filed a petition to stay the proceedings pursuant to K.S.A. 5-402. Lenexa alleged that the claims were not the subject of an arbitration agreement between the parties, were not timely filed, and were not previously decided by the project engineer as required by the contract. The district court denied the petition, but preserved Lenexa's right to appeal those issues Lenexa claimed were not subject to arbitration and directed the arbitrator to "consider the liquidated damages issues separately from the non-liquidated damage issues."

The arbitrator awarded Fairley $21,434.53 in damages, ordered Lenexa to pay all costs and fees, and stated simply that "[t]his award is in full settlement of all claims and counterclaims submitted to this arbitration." Lenexa filed a motion for clarification of the award, which the arbitrator denied.

Fairley filed a motion for confirmation of the award. The district court denied the motion, finding that the arbitration agreement in the contract was nonbinding. Fairley appealed, and we reversed in case No. 62,002, an unpublished opinion filed October 28, 1988. On review, the Supreme Court affirmed the judgment of the Court of Appeals and remanded the case to the district court. *City of Lenexa v. C.L. Fairley Construction Company, Inc.*, 245 Kan. 316, 777 P.2d 851 (1989).

On remand, the district court found that Fairley waived all claims except $13,268.16 for delays and costs when it accepted final payment. The court further found that Fairley's demand for arbitration was not filed within 30 days of the project engineer's final decision on the dispute. Accordingly, the court found "it abundantly clear that the arbitrator chose to ignore the contractual provisions agreed upon by the parties, or, in the alternative, the arbitrator construed the contract provisions in a manner totally and absolutely inconsistent with a plain reading of the contract provisions." Finding these errors were jurisdictional in nature, the court concluded that the "arbitrator exceeded his powers by considering matters not properly submitted to him for determination." Since the arbitrator made no specific findings, the court found the award could not be modified and thus vacated the entire award pursuant to K.S.A. 5-412.

The sole issue before this court is whether the arbitrator exceeded his powers.

Arbitration agreements are enforced under the Kansas version of the Uniform Arbitration Act. K.S.A. 5-401 *et seq.* This act provides that the court may vacate an award in five specific circumstances, including where the arbitrator exceeded his powers. K.S.A. 5-412(a)(3).

The district court's scope of review is quite limited. An award is presumed valid unless one of the specific grounds in K.S.A. 5-412(a) is proven. "Nothing in the award relating to the merits of the controversy, even though incorrectly decided, is grounds

for setting aside the award in the absence of fraud, misconduct, or other valid objections." *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 689, 751 P.2d 122 (1988). The court may not consider evidence presented to the arbitrators, and an award will not be revised unless it is "tainted or based on an irrational interpretation of the contract." *Jackson Trak Group, Inc.*, 242 Kan. at 689.

On remand, the district court reviewed the documentary evidence and found that Fairley did not follow the time and notice procedures set forth in the contract for bringing a claim to arbitration. While the district court's interpretation of the relevant contract provisions apparently conflicted with that of the arbitrator, this is irrelevant if the subject matter of the decision was properly within the domain of the arbitrator. " 'The general rule is that errors of law and fact, or an erroneous decision of matters submitted to the judgment of the arbitrators, are insufficient to invalidate an award fairly and honestly made.' " *Rural Water Dist. No. 6 v. Ziegler Corp.*, 9 Kan. App. 2d 305, 308, 677 P.2d 573, *rev. denied* 235 Kan. 1042 (1984).

Although Kansas case law has not specifically addressed the issue, case law from other jurisdictions indicates that procedural matters such as time and notice provisions are properly before the arbitrator. In *Denhardt v. Trailways, Inc.*, 767 F.2d 687 (10th Cir. 1985), the Tenth Circuit Court of Appeals made a clear distinction between substantive and procedural arbitrability. The court held that whether the parties have agreed to submit a particular claim or dispute to arbitration is a matter for the courts. However, procedural questions, which are "often inextricably bound up with the merits of the dispute," are matters for the arbitrator. 767 F.2d at 690.

Although *Denhardt* was a labor dispute, which would not be covered by the Kansas version of the Uniform Arbitration Act, this same distinction between substantive and procedural arbitrability has been applied in construction arbitration cases. In *Matter of Saranac Lake, Inc.*, 154 App. Div. 2d 855, 546 N.Y.S.2d 713 (1989), the court construed a statute and contract provision substantially the same as the one at issue here. The court found that whether the demand for arbitration was submitted within 30

days of the engineer's final decision was a matter for the arbitrator to decide.

"Questions of compliance with contractual limitations, expressly made conditions precedent to arbitration by a contract, are for the courts to resolve. [Citation omitted.] However, '[s]harply to be distinguished from conditions precedent to arbitration are procedural stipulations that the parties may have laid down to be observed in the conduct of the arbitration proceeding itself—conditions *in* arbitration, *e.g.,* limitations of time within which the demand for arbitration must be made.' [Citation omitted.]" 154 App. Div. 2d at 855-56.

The New York courts have also distinguished between broad and narrow arbitration clauses. See *United Nations v. Norkin,* 45 N.Y.2d 358, 408 N.Y.S.2d 424, 380 N.E.2d 253 (1978). Where arbitration clauses are limited, compliance with conditions precedent to arbitration is a threshold judicial question. However, where the agreement contains a broad arbitration clause, compliance with contractual notice and time provisions are issues for the arbitrator. 45 N.Y.2d at 363.

The agreement between Fairley and Lenexa contained a broad arbitration clause, which covered all claims, disputes, or other matters relating to the performance of the contract. Fairley's claims for liquidated damages withheld, back charges, and increased overhead due to delays would be included in this broad arbitration clause. Whether Fairley timely filed its demand for arbitration or complied with the notice provisions of the contract are procedural matters which should have been left to the arbitrator.

Furthermore, the arbitrator did not err by refusing to itemize or clarify his award. K.S.A. 5-408 merely requires that an award be in writing and signed by the arbitrators. In *Zeigler,* this court stated that an award is valid if it is a full and final disposition of all issues, "leaving nothing to be done but to execute and carry out the terms of the award." *Rural Water Dist. No. 6 v. Ziegler Corp.,* 9 Kan. App. 2d 305, Syl. §§ 5, 6. The arbitrator clearly stated that the award was in full settlement of all claims submitted by Fairley. While the award does not specifically address each of the issues before the arbitrator, it is not vague, and thus, is valid.

Finally, we note that some jurisdictions following the Uniform Arbitration Act hold that the district court may, at its discretion, compel clarification of an award. See, *e.g.*, *Hilltop Const., Inc. v. Lou Park Apts.*, 324 N.W.2d 236, 240 (Minn. 1982). Although Judge Walton initially directed the arbitrator to consider liquidated and unliquidated damages separately, Judge McClain chose not to compel clarification of the arbitrator's ultimate award.

We hold the subject matter of the issues before the arbitrator was within the arbitration agreement entered into by the parties, and the district court exceeded its authority by considering whether the claims were procedurally correct. It is not the function of the court to substitute its judgment for that of the arbitrator. " 'The courts must respect an arbitrator's determinations; otherwise, those determinations will merely add another expensive and time consuming layer to the already complex litigation process.' [Citation omitted.]" *Foley Co. v. Grindsted Products, Inc.*, 233 Kan. 339, 349, 662 P.2d 1254 (1983).

We reverse the order of the district court vacating the arbitrator's award.