(819 P.2d 1254)
No. 66,321

PROFESSIONAL BUILDERS, INC., *Appellee/Cross-appellant,* v.
SEDAN FLORAL, INC., *Appellant/Cross-appellee.*

—

Opinion filed November 1, 1991.

*William J. Kelly,* of Independence, for the appellant/cross-appellee.

*Glenn E. Casebeer II,* of Schneider & Casebeer, of Coffeyville, for the appellee/cross-appellant.

Before PIERRON, P.J., LARSON and RULON, JJ.

PIERRON, J.: Sedan Floral, Inc., appeals the district court's denial of its motion to vacate or modify an arbitration award. Professional Builders, Inc., cross-appeals, challenging the district court's refusal to allow it to recover attorney fees from Sedan Floral, Inc.

On January 2, 1989, Professional Builders, Inc., (PBI) and Sedan Floral, Inc., (Sedan) entered into a written contract whereby PBI was to construct an interior office for Sedan within an existing building.

A dispute arose between PBI and Sedan concerning PBI's performance under the contract and PBI's right to payment from

Sedan. John Heckman, listed on the contract as architect for the project, is also PBI's vice-president and 50 percent owner of that company. Article 10.1 of the contract provides that the architect is to serve as the owner's (Sedan's) representative for the duration of the project. The architect is also responsible for reviewing and certifying the amounts due the contractor as well as issuing certificates for payment for such amounts. No formal certificate for payment was issued for PBI, but Heckman did issue a letter dated July 25, 1989, stating to Mike Wuerdeman of PBI, "It is my opinion that PBI has completed the project per the requirements of the Contract Documents." Sedan claims PBI knew the contract had not been properly completed when Heckman gave his certification.

Other relevant provisions of the contract are as follows: "When the Architect agrees that the Work is substantially complete, the Architect will issue a Certificate of Substantial Completion." Section 15.3. "Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor when the Work has been completed, the Contract fully performed, and a final Certificate for Payment has been issued by the Architect." Section 5.1. "Payments due and unpaid under the Contract shall bear interest from the date payment is due at the rate stated below, or in the absence thereof, at the legal rate prevailing from time to time at the place where the project is located." Section 4.2.

The contract also contains a provision requiring all claims or disputes between the parties arising out of or relating to the contract, or the breach thereof, to be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. "The Contract shall be governed by the law of the place where the Project is located." Section 19.1. The project was located in Independence, Kansas.

PBI and Sedan were unable to resolve their dispute; Sedan maintained that it had been denied a fair and independent determination by Heckman that the contract had been properly completed. PBI commenced arbitration proceedings, claiming it was due the full contract price for the project plus additional money for change orders. Sedan objected to proceedings in arbitration, claiming that Heckman was a necessary party. The

arbitrator ruled that Heckman could not be made a party pursuant to the contract, which excluded the architect from all proceedings. Sedan attempted to remove the case to district court to add Heckman as a party, but that attempt was denied by the court.

A. J. Wachter served as arbitrator for the dispute, and on September 18, 1990, a hearing was held on the matter. On October 16, 1990, the arbitrator issued a written award granting PBI $28,919, plus interest thereon at the rate of 10 percent per annum from February 23, 1989, until paid. The arbitrator specifically excluded from the award any determination of the relationship between PBI and Heckman.

Pursuant to K.S.A. 5-411, on November 7, 1990, PBI filed an application for an order confirming the arbitration award in the district court of Montgomery County, Kansas. The application was to be heard by the court on November 20, 1990. On November 16, Sedan filed its answer to PBI's application, and asked the court to vacate, modify, or correct the award. Sedan met the 90-day deadline stated in K.S.A. 5-412(b) for filing its motion.

On November 20, 1990, on Sedan's motion, the district court continued the hearing on PBI's application for confirmation of the award and allowed Sedan until December 4, 1990, to file an amended application to vacate or modify. On December 28, 1990, the matter was heard by the court. Sedan presented little, if any, evidence in support of its application to vacate or modify. The court denied Sedan's application and confirmed the award.

After the court rendered its decision, PBI orally moved that it be allowed reasonable attorney fees and that the same be assessed against Sedan pursuant to K.S.A. 60-2007. PBI's motion was denied.

On February 19, 1991, Sedan timely filed a notice of appeal in district court. PBI timely filed a notice of cross-appeal on February 26, 1991.

The first issue we need to address is whether the district court erred by finding the arbitrator's award in favor of PBI was not procured by fraud, corruption, or other undue means.

The arbitration proceedings in the present case were conducted under Kansas law relating to arbitration and, therefore, should be analyzed under the Kansas statutory requirements. *Gillioz v. City of Emporia,* 149 Kan. 539, 540, 88 P.2d 1014 (1939). Kansas

statutes provide: "Upon application of a party, the court shall confirm an award, unless . . . grounds are urged for vacating or modifying or correcting the award." K.S.A. 5-411. Further, an arbitrator's award is presumptively valid unless one of the specific grounds in K.S.A. 5-412 can be proved. K.S.A. 5-412 provides in part: "(a) Upon application of a party, the court shall vacate an award where: (1) the award was procured by corruption, fraud or other undue means."

Sedan contends that, because the architect responsible for certification of substantial completion of the project was also a 50 percent owner of PBI, he wrongly certified the project because it was to his financial benefit to do so. Sedan argues this amounts to fraud under K.S.A. 5-412(a)(1). PBI asserts that Sedan is essentially requesting appellate review of the arbitrator's decision and that neither this court nor the district court can substitute its judgment for that of the arbitrator.

"Once an arbitration award is entered the finality that courts should afford the arbitration process weighs heavily in favor of the award, and courts must exercise great caution when asked to set aside an award." *Foster v. Turley,* 808 F.2d 38, 42 (10th Cir. 1986).

"Generally, where the parties have agreed to be bound to a submission to arbitration, errors of law and fact, or an erroneous decision of matters submitted to the judgment of the arbitrators, are insufficient to invalidate an award fairly made. Nothing in the award relating to the merits of the controversy, even though incorrectly decided, is grounds for setting aside the award in the absence of fraud, misconduct, or other valid objections. Further, where an arbitration award made under the Kansas Uniform Arbitration Act is attacked by one of the parties, it is not the function of the court to hear the case de novo and consider the evidence presented to the arbitrators. [Citation omitted.] Ordinarily, an arbitrator's award will not be subject to judicial revision unless such award is tainted or based on an irrational interpretation of the contract. [Citation omitted.]" *Jackson Trak Group, Inc. v. Mid States Port Authority,* 242 Kan. 683, 689, 751 P.2d 122 (1988).

To establish fraud in Kansas there must be more than a mere preponderance of evidence, there must be clear and satisfactory evidence. Fraud is not presumed by the court. *Foley Co. v. Grindsted Products, Inc.,* 233 Kan. 339, 346, 662 P.2d 1254 (1983).

Sedan alleges in its amended application to vacate or modify the award that Heckman, as architect and owner's representative for the project, did not fairly represent the interests of Sedan. Sedan further alleges Heckman wrongfully certified that PBI had completed its work on the contract and wrongly certified that PBI was entitled to payment from Sedan. The district court held that, even if the certification of substantial compliance by Heckman was incorrect or fraudulent, the arbitrator certainly had that issue "hammered home to him and for whatever reason made the decision that he made." The court declined to substitute its judgment for that of the arbitrator as the circumstances surrounding Heckman's certification were the primary issue at arbitration.

The district court also addressed two other theories upon which Sedan alleged fraud: conflict of interest and fraud in the inducement to contract. The court found a conflict of interest was involved on the facts because Heckman, as an officer and part owner of PBI, made decisions that were binding on Sedan. Second, the court stated it was possible that Sedan was unaware of Heckman's role as Sedan's agent; therefore, Sedan could try to argue it was fraudulently induced into signing the contract and should not be bound by its terms. However, with respect to both theories, the district court felt the arbitrator had heard arguments and made his decision accordingly.

The issue of fraud on the part of Heckman and PBI was submitted to the district court as a factual issue. The district court found Sedan failed to show the arbitration award was procured by fraud, corruption, or undue means, as required by K.S.A 5-412.

"A trial court's finding of fact will not be upset on appeal if there is any substantial competent evidence to support it, even though that evidence may be controverted. When the findings are negative, however, there must be proof of an arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion or prejudice, since the negative finding signifies the failure of the party upon whom the burden of proof was cast to sustain it." *Lostutter v. Estate of Larkin*, 235 Kan. 154, Syl. ¶ 1, 679 P.2d 181 (1984).

See *Duncan v. City of Osage City*, 13 Kan. App. 2d 364, 368-69, 770 P.2d 843, *rev. denied* 245 Kan. 783 (1989). Based on the record in this case, Sedan failed to meet its burden of proof in

demonstrating by clear and convincing evidence that fraud existed.

Furthermore, the district court indicated it believed the only type of fraud sufficient to overturn an arbitrator's award under K.S.A. 5-412(a)(1) is fraud on the part of the arbitrator. There is no Kansas case law directly on point.

"As a general rule any fraud or misconduct having a tendency to affect the award improperly will vitiate it and render it subject to impeachment." 6 C.J.S., Arbitration § 151, p. 400. Kansas appears to follow this general rule. For example, in *In re Arbitration between Johns Constr. Co. & U.S.D. No. 210*, 233 Kan. 527, 664 P.2d 821 (1983), the court held the arbitrator's exclusion of a particular witness was not fraud, misconduct, or improper action denying the school board a fair hearing or due process of law, where the arbitrator applied the same rule of exclusion to witnesses of both parties. 233 Kan. at 529-30.

In *Foley Co. v. Grindsted Products, Inc.*, 233 Kan. at 346, the court also discussed the type of fraud required to vitiate an arbitration award. In that case, purported ex parte communication by a party to an arbitration proceeding made to the arbitrators was held not to constitute fraud sufficient to vacate the arbitration award. The ex parte communication at issue was a letter brief by the party's counsel in response to the opposing party's statement made during the arbitration hearing that he would summit a brief to the arbitrators. The court found there was no proof the letter brief in any way affected or played a part in the decision rendered by the arbitrators. See also *Evans Electrical Constr. Co. University of Kansas Med. Center*, 230 Kan. 298, 308, 634 P.2d 1079 (1981) (in action by electrical contractor to set aside arbitration award, finding that the award of only $24,342 to contractor was not procured by fraud was supported by substantial evidence).

The above cases, which discuss the type of fraud sufficient to overturn an arbitration award under K.S.A. 5-412(a)(1), consider only fraud in the actual arbitration proceeding itself, *i.e.* whether a party has committed perjury during the hearing or whether the arbitrator has exhibited bias towards one of the parties. This type of "procedural" fraud is not alleged by Sedan in this case. The fraud of which it complains occurred wholly outside the arbitration

process and is in fact the grounds upon which the arbitration process commenced. The district court found that whether Heckman fraudulently certified the project to benefit himself and PBI was the primary issue before the arbitrator, and the arbitrator would certainly have heard arguments regarding this issue from both sides before he rendered his decision. Thus, based on the limited scope of review of arbitration proceedings, the award should be upheld.

Another issue raised by Sedan was whether the trial court was correct in determining the arbitrator had heard and ruled upon any "conflict of interest" of the architect as vice-president of PBI. This contention has essentially no bearing on whether Sedan could successfully prove the award should be vacated pursuant to K.S.A. 5-412(a)(1). The district court found the arbitrator had heard arguments regarding Heckman's certification and considered them in arriving at his decision. The arbitrator did state in his award that he did not make "any determination of the relationship between PROFESSIONAL BUILDERS, INC. and architect, John E. Heckman." However, this does not mean that the arbitrator did not consider the relationship at all in making the award. Most significantly, Sedan does not demonstrate how any conflict of interest between the parties could have led to fraudulent procurement of the award. The two events are completely unrelated.

The last issue we need to address is whether the district court erred in refusing to award attorney fees to PBI pursuant to K.S.A. 60-2007.

PBI claims it is entitled to attorney fees under K.S.A. 60-2007(b) because Sedan's amended application to vacate or modify the award had no reasonable basis in fact and was not asserted in good faith. Sedan does not respond to PBI's cross-appeal.

The assessment of attorney fees under K.S.A. 60-2007(b) lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Cornett v. Roth,* 233 Kan. 936, 945, 666 P.2d 1182 (1983).

"The test on appellate review of whether the trial court abused its discretion is whether no reasonable person would agree with the trial court. If any reasonable person would agree, appellate courts will not disturb the trial court's decision." *Hoffman v. Haug,* 242 Kan. 867, 873, 752 P.2d 124 (1988). See *In re Marriage*

*of Ross,* 245 Kan. 591, 598, 783 P.2d 331 (1989); *State v. Requena,* 14 Kan. App. 2d 234, 236, 788 P.2d 287 (1990); *DeWerff v. Schartz,* 12 Kan. App. 2d 553, 557, 751 P.2d 1047 (1988).

K.S.A. 60-2007(b) provides in part:

"At the time of assessment of the costs of any action to which this section applies, if the court finds that a party, in a pleading, motion or response thereto, has asserted a claim or defense, including setoffs and counterclaims, or has denied the truth of a factual statement in a pleading or during discovery, without a reasonable basis in fact and not in good faith, the court shall assess against the party as additional costs of the action, and allow to the other parties, reasonable attorney fees and expenses incurred by the other parties as a result of such claim, defense or denial."

"The purpose of K.S.A. 60-2007 is to penalize only willful misuses of the judicial process." *Southgate Bank v. Fidelity & Deposit Co. of Maryland,* 14 Kan. App. 2d 454, 460, 794 P.2d 310 (1990).

"[T]wo separate requirements must be met before attorney fees and expenses can be assessed pursuant to K.S.A. 60-2007(b): (1) The claim asserted was without reasonable basis in fact, and (2) the claim was not asserted in good faith." *Rood v. Kansas City Power & Light Co.,* 243 Kan. 14, 24, 755 P.2d 502 (1988). See *Smith v. Dunn,* 11 Kan. App. 2d 343, 346, 720 P.2d 1137 (1986).

PBI contends Sedan's amended application to vacate or amend the award had no reasonable basis in fact because Sedan essentially asked the court to presume fraud and offered no evidence in support of its allegations of fraud by Heckman and/or PBI. PBI next contends that, by failing to allege facts to support the fraud claim, Sedan acted in bad faith.

Although Sedan's position impressed neither the trial court nor this court, we do not find the argument concerning Heckman's possible conflict of interest and the concomitant possibility of fraud to be frivolous. We believe the relative paucity of authority interpreting K.S.A. 5-412(a)(1) and the wording of the provision itself leaves room for a good faith presentation of Sedan's argument. We find no abuse of discretion and affirm.