(141 P.3d 516)
No. 94,513

VIRGINIA M. GRIFFITH, *Appellant*, v. KENNETH W. MCGOVERN and SII Investments, Inc., *Appellees*.

Opinion filed September 1, 2006.

*Barry D. Estell*, of Mission, for appellant.

*Charles A. Getto* and *Douglas M. Greenwald*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellees.

Before RULON, C.J., MCANANY, J., and KNUDSON, S.J.

MCANANY, J.: Virginia M. Griffith appeals the district court's denial of her motion to vacate an arbitration award and granting the motion of Kenneth W. McGovern and SII Investments, Inc., to confirm the award. We affirm.

In September 2002, Virginia Griffith filed an arbitration claim with the National Association of Securities Dealers (NASD) against William Scott Wiley, Invest Financial Corp., Kenneth W. McGovern, and SII Investments, Inc. (SII). In April 2004 Griffith settled her claims against Wiley.

Griffith claimed that she was an elderly retired widow who, based on fraudulent misrepresentations and the withholding of material facts, was prompted to convert her secure investment in certificates of deposit into a high risk portfolio of unsuitable stocks and junk bonds. She claimed violations of the Kansas Securities Act, negligence, breach of contract, violation of NASD and Exchange rules, and breach of fiduciary duty. She claimed statutory damages, including costs and attorney fees, of $213,340.

The answer of McGovern and SII to these charges alleged quite a different story. They claimed that Griffith was dissatisfied with the return on her then current investments and desired to join her friends who were making money in the rising stock market. They claimed that McGovern characterized herself as a knowledgeable investor whose objective was long-term growth in high performing mutual funds. They asserted that she made investments suitable for her circumstances and level of investment sophistication, and any loss she sustained was due to an overall decline in the market, not any actionable conduct on their part.

The NASD provided the parties with a list of proposed arbitrators. However, between the parties each of the proposed arbitrators was rejected. Thus, in February 2003, pursuant to Rule 10308(d)(3) of the NASD Code of Arbitration Procedure, the

NASD appointed Mark D. Wasserstrom, Esq., Richard H. Potter, and Robert A. Goodwin as arbitrators.

After further challenges to the panel, the final panel consisted of Wasserstrom, Potter, and Sandra Hummel. On the first day of the arbitration hearing in May 2004, Griffith challenged Potter's appointment to the panel. Potter withdrew and the parties stipulated to the matter being heard by the remaining two arbitrators, Wasserstrom and Hummel.

The arbitration panel found SII liable and awarded Griffith $3,000 in compensatory damages. The panel denied all claims against McGovern and Invest Financial Corp. The panel also ordered the parties to bear their own costs and attorney fees.

Griffith moved to vacate, and McGovern and SII moved to confirm, the award. Following an extensive hearing in the district court, the court denied Griffith's motion and granted McGovern and SII's motion. Griffith now appeals.

*Failure to Disclose*

K.S.A. 5-412(a) sets forth the five bases for vacating an arbitration award. Those bases include (1) procuring the award by corruption, fraud, or other undue means; and (2) the arbitrator's partiality or corruption or misconduct prejudicing the rights of a party. Griffith contends that pursuant to K.S.A. 5-412(a)(1) and (a)(2) Wasserstrom's failure to disclose an unsatisfied judgment and his failure to disclose previous litigation in which his conduct had been at issue required the district court to vacate the award. She also raised in oral argument before this court a claimed impropriety in the form of the final award. Aside from being unsupported in the record, the only reference to the form of the award in Griffith's appellate brief is found in two sentences of her statement of the case, upon which she presents no argument. An issue not briefed is deemed waived. *McGinley v. Bank of America, N.A.*, 279 Kan. 426, 444, 109 P.3d 1146 (2005).

In considering the vacation of an award, the district court cannot substitute its judgment for that of the arbitrators. *City of Lenexa v. C.L. Fairley Constr. Co., Inc.*, 15 Kan. App. 2d 207, 212, 805 P.2d 507, *rev. denied* 248 Kan. 994 (1991). The court must pre-

sume an award is valid unless one of the specific grounds in K.S.A. 5-412(a) is proven. *Alexander v. Everhart*, 27 Kan. App. 2d 897, 900-01, 7 P.3d 1282, *rev. denied* 270 Kan. 897 (2000). On appeal we will not upset the district court's findings of fact if they are supported by substantial evidence.

The NASD Arbitrator Application required Wasserstrom to disclose any unsatisfied judgment against him and any litigation in which his conduct was at issue. It is apparent from the record that in an earlier civil case the trial court imposed a sanction against Wasserstrom for attorney fees pursuant to K.S.A. 60-211. On appeal this court affirmed the imposition of this sanction in *Bus. Opportunities Unlimited, Inc. v. Envirotech Heat. & Cooling, Inc.*, 26 Kan. App. 2d 616, 617, 623, 992 P.2d 1250 (1999). The fees assessed against Wasserstrom remained outstanding and unpaid when he made his disclosure to the parties in 2003. In addition, Wasserstrom was involved in litigation in 2004 regarding his child support obligation. While this child support proceeding commenced after the submission of Wasserstrom's original and updated disclosure forms, Griffith argues that he had an ongoing duty to disclose it. Neither of these proceedings was disclosed in Wasserstrom's NASD application/disclosure form. Griffith argues that Wasserstrom was obliged to disclose both.

There was extensive argument at the hearing before the district court regarding whether the NASD disclosure form was ambiguous, whether the imposition of sanctions on Wasserstrom pursuant to K.S.A. 60-211 was a reportable judgment, whether any judgment was in effect at the time Wasserstrom submitted his disclosure form, and whether the child support litigation was the kind of litigation addressed in the NASD form. Without dwelling on these various sub-issues argued before the district court, when confronted with these nondisclosures in the context of an attack on the arbitration award, we are compelled to ask whether the proceedings Wasserstrom failed to disclose were relevant to this arbitration.

Griffith argues that parties can only choose an impartial arbitrator intelligently when all facts are disclosed. She fails to note that in the key cases upon which she relies the arbitrator was only re-

quired to disclose facts which created a "reasonable impression of partiality." Thus, in *Commonwealth Corp. v. Casualty Co.*, 393 U.S. 145, 21 L. Ed. 2d 301, 89 S. Ct. 337 (1968), the arbitrators were required to disclose any dealings that may create an impression of possible bias. The court in *Olson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 51 F.3d 157, 159-60 (8th Cir. 1995), vacated an arbitration award because the arbitrator's failure to disclose his high ranking position within an investment firm, which conducted business with one of the parties, created a reasonable impression of bias. And in *Schmitz v. Zilveti*, 20 F.3d 1043, 1049 (9th Cir. 1994), the court vacated an arbitration award because the arbitrator failed to disclose his firm's previous representation of one of the parties' parent company, a fact which would create a reasonable impression of partiality. Neither the sanctions against Wasserstrom in an unrelated civil suit nor his child support litigation presents the least suggestion that he would be anything other than fair and impartial in arbitrating the issues raised in Griffith's complaint. There simply is no nexus between Griffith's claim and these unrelated lawsuits that could raise in the mind of any reasonable litigant the prospect of bias or prejudice on Wasserstrom's part.

### Fraud

As an alternative, Griffith argues that Wasserstrom's nondisclosures constituted procedural fraud. Fraud is not presumed, but must be established by clear and convincing evidence. *Professional Builders, Inc. v. Sedan Floral, Inc.*, 16 Kan. App. 2d 180, 183, 819 P.2d 1254 (1991). While an arbitration award may be attacked for fraud, the only type of fraud sufficient to overturn an arbitrator's award under K.S.A. 5-412(a)(1) is procedural fraud in the actual arbitration proceedings, such as the arbitrator's exhibition of bias for or against one of the parties. 16 Kan. App. 2d at 185.

In considering whether the district court erred in confirming the award rather than setting it aside, we look to the standards set forth by our legislature in the Kansas Arbitration Act. K.S.A. 5-412(a)(1) requires us to vacate an award which is "procured by corruption, fraud or other undue means." Griffith failed to demonstrate to the district court that Wasserstrom's nondisclosures constituted fraud

under the statute and the case law. Griffith points to no evidence in the record of bias or prejudice against her or in favor of Invest Financial Corp., McGovern, or SII. The district court did not err in refusing to vacate the award on Griffith's claims of fraud.

*Irrational and Manifest Disregard of the Law*

Relying upon *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 689, 751 P.2d 122 (1988), Griffith argues that the district court was required to vacate the arbitration award due to the arbitrators' manifest disregard of the Kansas Securities Act or their irrational basis for the award. Griffith claimed damages, including costs and attorney fees, of $213,340. The arbitrators awarded her $3,000 without disclosing the manner of their calculation. Griffith points to claimed factual and legal errors which cannot be the basis for vacating the award. Further, she failed to demonstrate to the district court a manifest disregard of the Kansas Securities Act. Though the award did not mention the Act, there was no evidence that the arbitrators did not consider it. *Jackson Trak* demonstrates the high hurdle Griffith must overcome in order to require the court to set aside the award:

"Generally, where the parties have agreed to be bound to a submission to arbitration, errors of law and fact, or an erroneous decision of matters submitted to the judgment of the arbitrators, are insufficient to invalidate an award fairly made. Nothing in the award relating to the merits of the controversy, even though incorrectly decided, is grounds for setting aside the award in absence of fraud, misconduct, or other valid objections. Further, where an arbitration award made under the Kansas Uniform Arbitration Act is attacked by one of the parties, it is not the function of the court to hear the case de novo and consider the evidence presented to the arbitrators. [Citation omitted.] Ordinarily, an arbitrator's award will not be subject to judicial revision unless such award is tainted or based on an irrational interpretation of the contract. [Citation omitted.]" *Jackson Trak*, 242 Kan. at 689.

We review the award to determine if the arbitrators engaged in a manifest disregard for the law; *i.e.*, a "willful inattentiveness to the governing law" which goes beyond a simple error or misunderstanding of the law. See *Klein v. Oppenheimer & Co.*, 281 Kan. 330, 356, 130 P.3d 569 (2006); *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995).

Griffith complains that the award refers to causes of action which were not claimed, the wrong parties, mutual funds not at issue, and damage amounts not requested. The arbitration award referred to "Unsuitability; 'Mutual Fund Switching' for the purpose of generating commissions; Fraud; and Misrepresentation," all of which were claims asserted by Griffith in her original complaint. The award referred to the correct parties. It referred to the Kemper High Yield and MFS World Asset Allocation Fund, both of which Griffith cited in her complaint. While it did not cite other causes of action, other funds, or other bases for damages asserted by Griffith, an arbitration panel is not required to set forth the reasons for its award. See *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.6 (10th Cir. 2001). When an arbitration panel does not give its reasons for the award, such as here, determining manifest disregard becomes nearly impossible. See *Willemijn Houdstermaatschappij, BV v. Standard Micro*, 103 F.3d 9, 12 (2d Cir. 1997); *O.R. Securities v. Professional Planning Assoc., Inc.*, 857 F.2d 742, 747 (11th Cir. 1988). As the district court noted, the arbitrators may or may not have considered the Kansas Securities Act in determining Griffith's damages. Nevertheless, the burden was upon Griffith to prove a basis for setting aside the award. Because the arbitration panel did not make any statements regarding the law, Griffith cannot show the arbitration panel manifestly disregarded the Kansas Securities Act. Accordingly, the district court did not err by finding the arbitration panel did not manifestly disregard the law.

Affirmed.