(195 P.3d 273)
No. 99,764

ROBERT NOWICKI, individually and t/a MAGICURE AUTOMOTIVE RESTORATION, INC., and DAN MCLAUGHLIN, individually and t/a DAN MCLAUGHLIN, INC., *Appellees,* v. PROJECT PAINT RESEARCH LABS, *Defendant,* and CHRISTOPHER THURBER, *Appellant.*

Opinion filed November 7, 2008.

*Christopher Thurber,* appellant pro se.

*Christopher M. Joseph*, of Joseph & Hollander, P.A., of Topeka, for appellees.

Before MALONE, P.J., ELLIOTT and MARQUARDT, JJ.

MARQUARDT, J.: Christopher Thurber appeals a grant of summary judgment confirming an arbitration award. We affirm.

Magicure Automotive Restoration, Inc., a Pennsylvania corporation (Magicure); Robert Nowicki, owner and president of Magicure; Dan McLaughlin, Inc., a New Jersey corporation (Dan McLaughlin, Inc.); and Dan McLaughlin, owner and president of Dan McLaughlin, Inc. (collectively Plaintiffs), entered into a state distributorship agreement in January 2004 and May 2004 with Project Paint Research Labs, Inc. (Project Paint), a Kansas corporation.

The parties agreed that all disputes over their contract would be settled by arbitration with the American Arbitration Association (AAA) located in Philadelphia.

Robert M. Fellheimer, the attorney representing the Plaintiffs, sent demands for arbitration (demands) to Project Paint on March 20 and 21, 2006. The demands stated that the nature of the dispute was: "Respondents [Defendants] sold a product that was suppose[d] to repair scratches and defects to cars in a professional manner in approximately 40 minutes. The product failed in all aspects and the claimants [Plaintiffs] are entitled to recover damages." Thurber and Dale Lomax were listed as respondents because they were Project Paint's officers and personally represented the "efficacy" of the product.

Plaintiffs listed as damages the purchase price of the distributorship; costs of supplies and materials; loss of time and materials in attempting to make the product work; loss of profits; loss of the bargain; loss of good will; punitive damages; and attorney fees.

Notice of the arbitration proceeding was sent to all parties on October 16, 2006, informing them that the arbitration was scheduled for January 17-19, 2007. On January 11, 2007, Thurber advised the arbitrator, Bernard Beitch, that he would not participate or attend the arbitration hearing. Thurber also told the AAA case manager that he would not appear at or participate in the arbitra-

tion proceeding. The arbitration proceeding was held in Philadelphia without Thurber.

During the arbitration, Plaintiffs provided Beitch with promotional videotapes, automobile parts which had been treated with the product, the agreements, and the testimony of several witnesses. Plaintiffs withdrew their claims against Lomax.

Beitch noted that Thurber "emphatically and repeatedly" represented that his product would improve an automobile's overall appearance, was permanent, took only 30 to 45 minutes to apply, and had been approved by the Occupational Safety and Health Administration as well as the Department of Environmental Protection. Beitch found these representations were false, Thurber knew they were false, and that Plaintiffs relied on Thurber's false representations. Plaintiffs invested substantial time and expense "to make the products/processes work as represented. These efforts were to no avail and the treatments remained imperfect, noncolor matched and disintegrated over time." Plaintiffs could not sell or license the product to anyone.

Beitch described Thurber's and Project Paint's conduct as "outrageous and fraudulent." Plaintiffs were awarded $44,873 for reasonable costs and attorney fees. Nowicki and Magicure were awarded $78,598 in out-of-pocket expenditures, $30,000 for their time, and $750,000 for 5 years of anticipated profits. McLaughlin was awarded the same amounts except for out-of-pocket expenditures, of which he was awarded $79,598. Because Plaintiffs' claims were limited by their contract to $250,000, Beitch reduced each Plaintiff's award to $250,000.

Beitch noted that Thurber, as the sole shareholder and director of Project Paint, did not observe corporate formalities; operated Project Paint as his alter ego; paid household bills, personal bills, and payments to his girlfriend from Project Paint's business checking account; and did not receive a regular salary.

The AAA attempted to fax a copy the arbitrator's award to Thurber on February 7, 2007. When this failed, the AAA case manager sent Thurber a copy of the award through the United States Mail on February 20, 2007. The postal service returned the copy of the award to AAA, indicating on the envelope that Project Paint's post

office box had been closed and it could not forward the envelope. Thurber called Fellheimer and asked that he fax a copy of the award to him. Fellheimer faxed a copy of the award to Thurber on February 20, 2007.

Plaintiffs filed a motion to confirm the arbitration award in Kansas on June 6, 2007. In his answer to the motion, Thurber quoted K.S.A. 5-412 in its entirety and denied that Project Paint was a Kansas corporation that sold automotive paint products; that he personally was a party to the contract; and that he received, either by fax or delivery, the arbitration award on February 7, 2007.

On July 25, 2007, the district court confirmed the arbitration award. On August 20, 2007, after confirmation of the award, the district court, with agreement of the parties, determined that the sole issue before it was whether Thurber made a timely application to vacate the arbitration award pursuant to K.S.A. 5-412 and directed the parties to file motions for summary judgment on that issue.

In Plaintiffs' motion for summary judgment, they alleged that Thurber was time-barred from setting aside the award pursuant to K.S.A. 5-412 and that summary judgment was appropriate because Thurber asserted no other valid defense. Some of Plaintiffs' "Uncontroverted Facts" are:

"8. On February 20, 2007 Christopher Thurber called Robert Fellheimer, counsel for claimants in the arbitration, and asked Mr. Fellheimer to fax a copy of the award.

"9. Mr. Fellheimer, delivered by facsimile a copy of the arbitration award to Mr. Thurber.

"10. The fax was sent to the fax number given by Mr. Thurber and the facsimile machine printed a report showing that the transmission was successful."

In Thurber's answer to Plaintiffs' motion for summary judgment, he copied Plaintiffs' numbered paragraphs and either accepted, denied, or objected as "heresay" [*sic*] but made no references to the record to controvert Plaintiffs' factual statements.

The district court granted Plaintiffs' motion for summary judgment, stating:

"[T]he arbitrator's award was sent, by facsimile, to Christopher Thurber and Project Paint Research Labs, Inc. The only issue in this case is whether or not Mr. Thurber is time barred from raising a defense under K.S.A. 5-415.

"Mr. Thurber makes many objections to the due process of the arbitration procedure. It is clear, however, that he was aware of the hearing and advised that he would not be present. . . .

"Mr. Robert Fellheimer . . . faxed a copy of the Arbitrator's award at Mr. Thurber's request. It was successfully faxed . . . . Mr. Thurber now claims that notice was given fraudulently in this process, which is certainly a defense to the 90-day appeal period found in K.S.A. 5-412. The Court, however, disagrees with Mr. Thurber's contention that any action that was fraudulent, corrupt, or undue is not founded on any facts that the Court is satisfied with. Thus, Mr. Thurber's request to dismiss this case is denied and plaintiffs' Motion for Summary Judgment is granted."

Thurber appeals.

## I. *Service of the Arbitration Award*

### A. *Standard of Review*

The standard of appellate review of an arbitration award is:

"Generally, where the parties have agreed to be bound to a submission to arbitration, errors of law and fact, or an erroneous decision of matters submitted to the judgment of the arbitrators, are insufficient to invalidate an award fairly made. Nothing in the award relating to the merits of the controversy, even though incorrectly decided, is grounds for setting aside the award in the absence of fraud, misconduct, or other valid objections. Further, where an arbitration award made under the Kansas Uniform Arbitration Act is attacked by one of the parties, it is not the function of the court to hear the case de novo and consider the evidence presented to the arbitrators. [Citations omitted.] Ordinarily, an arbitrator's award will not be subject to judicial revision unless such award is tainted or based on an irrational interpretation of the contract. [Citations omitted.]" *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 689, 751 P.2d 122 (1988).

On appeal from the district court's confirmation of an arbitration award, this court will not overturn the district court's findings of fact if they are supported by substantial evidence. *Griffith v. McGovern*, 36 Kan. App. 2d 494, 496-97, 141 P.3d 516 (2006).

### B. *Service of the Arbitration Award*

Thurber argues that he was never given proper service of the arbitration award, and, therefore, he is not time-barred from asserting that the award should be set aside pursuant to K.S.A. 5-412. Thurber cites K.S.A. 5-408(a), which states: "The award shall be in writing and signed by the arbitrators joining in the award. The arbitrators shall deliver a copy to each party personally or by

registered mail, or as provided in the agreement." Thurber claims that Fellheimer's attempt to deliver the arbitration award by fax "is irrelevant to the Kansas statute."

Plaintiffs interpret Thurber's argument to suggest that Beitch was required by statute to successfully deliver a copy of the award to Thurber and because there was no evidence that Beitch successfully delivered the award, the 90-day time limit imposed by K.S.A. 5-412(b) has not begun to run.

The parties did not consider the entire statute, which states: "The award shall be in writing and signed by the arbitrators joining in the award. The arbitrators shall deliver a copy to each party personally or by registered mail, *or as provided in the agreement.*" (Emphasis added.) K.S.A. 5-408(a). Thus, delivery of the award—either in person or by registered mail—is required by the statute *unless* the parties agree otherwise.

It is uncontested that Section 6.11 of the distributorship agreement stated that any and all claims would be resolved by arbitration in accordance with the rules of the AAA. AAA Rule R-1(a) states: "The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association . . . ." AAA Rule R-45, "Delivery of Award to Parties," states:

"Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at the last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law."

Fellheimer testified that he faxed Thurber a copy of the arbitration award on February 20, 2007. Fellheimer also testified that it was the AAA's practice to fax a copy of the award to all parties. The AAA twice attempted to fax the award to Thurber at the fax number he provided. After both attempts failed, the AAA mailed the award to the address provided by Thurber.

The district court found that the February 7, 2007, arbitration award was sent by fax to Thurber and Project Paint. The district court also found that Fellheimer successfully faxed a copy to Thurber at Thurber's request.

The district court's findings are supported by substantial evidence. The district court did not err in finding Thurber received proper notice and delivery of the arbitration award.

## II. Application of K.S.A. 5-412

A court's review of an arbitration award is limited to the statutory grounds listed in K.S.A. 5-412(a). A court must presume an award is valid unless one of the specific grounds is proven. *Alexander v. Everhart*, 27 Kan. App. 2d 897, 900-01, 7 P.3d 1282, *rev. denied* 270 Kan. 897 (2000). Interpretation and application of a statute is a question of law subject to an appellate court's unlimited review. See *Nguyen v. IBP, Inc.*, 266 Kan. 580, 583, 972 P.2d 747 (1999).

Thurber alleges that he, personally, was never a party to the underlying contract, the arbitration agreement, or the arbitration proceeding. Thurber also argues that Plaintiffs produced no evidence of the existence of an arbitration contract involving Thurber. Thurber claims that Plaintiffs did not present him with a demand with his name on it and that he was never listed as a party prior to the arbitration proceeding. Thus, Thurber argues because he was never listed as a party, the district court should have allowed him to present evidence regarding arbitrability. Thurber ignores Beitch's decision that he operated Project Paint as his alter ego.

Thurber does not raise any specific grounds under K.S.A. 5-412(a), he merely quotes the statute. It is Thurber's burden to prove the arbitration award should be vacated under K.S.A. 5-412(a). See *Griffith*, 36 Kan. App. 2d at 500.

There is nothing in the record on appeal showing that Thurber sent an objection to Beitch claiming he was not a party to the contract. It is Thurber's duty as appellant to designate a record sufficient to establish the claimed error. Without an adequate record, the claim of alleged error fails. See *State ex rel. Stovall v. Alivio*, 275 Kan. 169, 172, 61 P.3d 687 (2003). Even if Thurber's claim was not time-barred, he provides this court with no evidence suggesting any grounds for vacating the award under the statute.

The district court's findings were supported by substantial evidence. The district court determined that there was no fraud, cor-

ruption, or other undue means. Therefore, the district court properly applied the statute. Thurber's claim fails.

Additionally, Thurber seems to attack the validity of the arbitration agreement, arguing that he was not a party to the contract or arbitration agreement. An arbitrator's power to arbitrate a dispute originates from the parties' agreement to arbitrate. The arbitrator has no jurisdiction without the parties' consent. *Anderson v. Dillard's, Inc.*, 283 Kan. 432, 436, 153 P.3d 550 (2007).

Without an adequate record, however, it is impossible for this court to determine whether an agreement existed between Plaintiffs and Project Paint only or Plaintiffs and Thurber. Thurber has not provided this court with copies of the agreements. Thurber's argument before the district court and his appellate brief contain no evidence to support his position. See *Rural Water Dist. No. 6 v. Ziegler Corp.*, 9 Kan. App. 2d 305, 310, 677 P.2d 573, *rev. denied* 235 Kan. 1042 (1984).

Affirmed.