No. 66,746

J. Gene Fankhauser and Fankhauser Farms, *Appellants,* v. Bank IV Emporia, *Appellee.*

(833 P.2d 1002)

Appeal filed May 22, 1992.

*Cortland E. Berry*, of Cortland E. Berry Legal Clinic, of Reading, argued the cause and was on the brief for appellants.

*Elvin D. Perkins*, of Perkins & Hollembeak, Chartered, of Emporia, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFarland, J.: This is an appeal by the plaintiffs from an order of the district court imposing sanctions, pursuant to K.S.A. 1991 Supp. 60-211, against their attorney. Said sanctions consist of payment of attorney fees and costs incurred by the defendant in defending the action in the aggregate amount of $1,658.38.

For their first issue, plaintiffs-appellants challenge the sufficiency of the evidence supporting the district court's determination that their attorney had violated K.S.A. 1991 Supp. 60-211. The statute provides:

"Every pleading, motion and other paper provided for by this article of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, and the attorney's address and telephone number shall be stated. A pleading, motion or other paper provided for by this article of a party who is not represented by an attorney shall be signed by the party and shall state the party's address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by an affidavit. The *signature* of a person *con-*

stitutes a certificate by the person that the person has read the pleading; that to the best of the person's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that it is not imposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion or other paper provided for by this article is not signed it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion or other paper provided for by this article is signed in violation of this section, the court, upon motion or upon its own initiative upon notice and after opportunity to be heard, shall impose upon the person who signed it or a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including reasonable attorney fees." (Emphasis supplied.)

Prior to 1986, K.S.A. 60-211 provided:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, and the attorney's address and telephone number shall be stated. . . . The signature of an attorney constitutes a certificate by the attorney that the attorney has read the pleading; that to the best of the attorney's knowledge, information and belief there are good grounds to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this section, it may be stricken, and the action may proceed as though the pleading had not been served. For a willful violation of this section, an attorney may be subjected to appropriate disciplinary action and may be held liable, pursuant to K.S.A. 60-2007, for the payment of attorney fees and expenses of adverse parties incurred as a result of such violation. Similar action may be taken if scandalous or indecent matter is inserted." (Emphasis supplied.)

K.S.A. 60-2007(b) provided, and still provides:

"At the time of assessment of the costs of any action to which this section applies, if the court finds that a party, in a pleading, motion or response thereto, has asserted a claim or defense . . . without a reasonable basis in fact and not in good faith, the court shall assess against the party as additional costs of the action, and allow to the other parties, reasonable attorney fees and expenses incurred by the other parties as a result of such claim, defense or denial. An attorney may be held individually or jointly and severally liable with a party for such additional costs where the court finds that the attorney knowingly and not in good faith asserted such a claim, defense or denial or, having gained knowledge of its falsity, failed to inform the court promptly that such claim, defense or denial was without reasonable basis in fact." (Emphasis supplied.)

Thus, prior to the 1986 amendment of K.S.A. 60-211, a court was empowered to levy sanctions against an attorney who willfully violated the statute but only where the attorney was found to have acted knowingly and in bad faith. Even if the requisite findings were made, the court had discretion as to whether or not to impose sanctions. The 1986 statutory amendments substantially altered the operation of the statute. Findings of willful and knowing conduct and bad faith by the attorney were no longer necessary, and the imposition of sanctions was no longer a matter of judicial discretion. These changes mirrored the amendments which had been made in 1983 to Rule 11 of the Federal Rules of Civil Procedure.

In commenting on the Rule 11 amendments, Wright and Miller state:

"By the early 1980's experience had shown that Rule 11 rarely was utilized and appeared to be ineffective in deterring abuses. . . .

"The original rule required that the attorney's signature be treated as a certificate, but this certification requirement, which had three elements, was particularly ineffective. First, the element of the certification that the attorney had read the pleading basically was meaningless in actual practice. Second, a subjective standard had evolved as the test of the 'good grounds' element of the certification and it had proven to be virtually unenforceable. Third, the wording of the original rule limited malfeasance to delay, which meant that other improper motivations for violating the certification requirement were immune under a strict reading of the rule's language." 5A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1331, pp. 10-11 (1990).

The United States Supreme Court interpreted the new Rule 11 in *Business Guides v. Chromatic Comm. Enterprises,* 498 U.S. 533, 112 L. Ed. 2d 1140, 111 S. Ct. 922 (1991). The Court found that Rule 11 imposes an objective rather than subjective standard, saying:

"Business Guides devotes much of its brief to arguing that subjective bad faith, not failure to conduct a reasonable inquiry, should be the touchstone for sanctions on represented parties. It points with approval to Rule 56(g) of the Federal Rules of Civil Procedure, which appears to subject affidavits in the summary judgment context to a subjective good faith standard. This argument is misdirected, as this Court is not acting on a clean slate; our task is not to decide what the rule should be, but rather to determine what it is. Once we conclude that Rule 11 speaks to the matter at issue, our inquiry is complete. [Citation omitted.] As originally drafted, Rule 11 set

out a subjective standard, but the Advisory Committee determined that this standard was not working. [Citation omitted.] Accordingly, the Committee deleted the subjective standard at the same time that it expanded the rule to cover parties. See 5A Wright & Miller § 1335, at 58-60. That the Advisory Committee did not also amend Rule 56(g) hardly matters. Rather than fashion a standard specific to summary judgment proceedings, the Committee chose to amend Rule 11, thereby establishing a more stringent standard for all affidavits and other papers. Even if we were convinced that a subjective bad faith standard would more effectively promote the goals of Rule 11, we would not be free to implement this standard outside of the rulemaking process. 'Our task is to apply the text, not to improve upon it.' [Citation omitted.]" 498 U.S. at 548-49.

With this background in mind, we turn to the facts herein. In March of 1985, Citizens National Bank and Trust Company of Emporia (now Bank IV Emporia, N.A.) (Bank) filed an action in Greenwood County (85 C 27) against Fankhauser Farms, Inc., J. Gene Fankhauser, and others seeking recovery on a promissory note and foreclosure of mortgages and security agreements given as security for the note. Defendant corporation and J. Gene Fankhauser initially did not retain an attorney to represent them, but relied on the advice of a non-attorney referred to as Mr. Kuhman.

In an effort to stave off the pending foreclosure, the Fankhausers formed a partnership and retained attorney Cortland E. Berry, in 1985, to file a Chapter 11 bankruptcy proceeding for the partnership. The desired bankruptcy relief was not obtained. A judgment of foreclosure in the Greenwood County case was entered on October 23, 1985. The Greenwood County trial judge ruled the bankruptcy proceedings did not stay the action in his court. Cortland Berry filed an appeal from this determination, which was ultimately dismissed for failure of the appellants to proceed therein.

On March 2, 1990, Cortland Berry filed the action herein on behalf of J. Gene Fankhauser and Fankhauser Farms, Inc., alleging Bank IV had breached certain modified security agreements by filing the foreclosure action. The action was dismissed upon the district court's determination that: (1) All issues in the present case should or could have been litigated in the Greenwood County case; (2) there were no written modifications to the promissory note; and (3) the statute of limitations barred any action on alleged oral modifications. Cortland Berry filed a notice

of appeal from this determination, which has since been dismissed for failure to docket the same. The dismissal of the action has thus become final.

The defendant Bank filed a motion for attorney fees and expenses under K.S.A. 60-2007 and K.S.A. 1991 Supp. 60-211. At the hearing, Cortland Berry testified that he alone had been responsible for the filing of the action herein, and if sanctions were to be imposed they should be against him and not his clients. The trial court accepted this. It found sanctions should not be imposed under authority of K.S.A. 60-2007 as Berry had acted in good faith in filing the action. No appeal was taken from this determination. The court further found that Berry had violated K.S.A. 1991 Supp. 60-211. Specifically, the court held:

"The Court is of the opinion that Plaintiffs' counsel knew or should have known that the claim made in this action was made or should have been made in Greenwood County District Court case #85-C-27. The Petition claims that by filing and prosecuting the petition in case #85-C-27, an agreement of the parties was breached. Counsel was aware that the claim herein arose out of . . . . 'the transaction or occurrence that is the subject matter of the opposing party's claim' in case #85-C-27, and therefore must be raised as a compulsory counterclaim (K.S.A. 1990 Supp. 60-213(a)) or it is waived. The decision of the Court in case #85-C-27 bars Plaintiffs' claim.

"It is the Court's opinion that based on pleadings that were matters of public record, i.e., Fankhauser Farms', Inc. counterclaim, filed July 5, 1985, and the Journal Entry filed October 23, 1985, Plaintiffs' counsel was aware or should have been aware that all issues raised, or that could have been raised, were now barred by the doctrine of res judicata. Plaintiffs' counsel did not apprise the Court of any authority that would diminish or amend the doctrine of res judicata. The Court therefore finds that Plaintiffs' counsel has not shown his pleadings were grounded in fact or warranted modification or reversal of existing law. The Court further finds that as a result of filing the Petition and pursuing the claim of breach of contract, Plaintiffs' counsel proceeded improperly on a matter that had already been adjudged. It is the Court's opinion that Plaintiffs' counsel violated K.S.A. 1990 Supp. 60-211."

Thus, the key elements of this issue relate to the following language of K.S.A. 1991 Supp. 60-211:

"The signature . . . constitutes a certificate . . . that to the best of the person's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law . . . ."

We shall first consider the matters of reasonable inquiry, well grounded in fact, and warranted by existing law.

Berry testified extensively at the hearing herein. His testimony, in pertinent part, may be summarized as follows. Fankhauser contacted Berry and brought with him copies of a number of papers relative to the Greenwood County case and his dealing with the Bank, which Berry reviewed. Berry was concerned with the fact that Fankhauser had not been represented by an attorney in the Greenwood County case. He tried to contact Kuhman but was unable to do so. Berry filed the action without further inquiry because he was concerned the statute of limitations would run on March 8, 1990, on the written agreement modifications as that would be the fifth anniversary of the filing of the foreclosure action. So, he filed the action herein on March 2, 1990. Berry admitted he did not review the Greenwood County court file until after he filed the action herein and that, had he been aware of the counterclaim filed therein by his clients, he would probably not have filed the instant action. Further, nowhere does he state the date he was retained herein. If an attorney is to claim that his or her inquiry was reasonable under circumstances involving the possible running of a statute of limitations, the date he or she was retained is a significant factor. An attorney cannot accept employment in a matter, do nothing until the statute has almost run, file an action without proper inquiry or investigation, and then claim he had to file the action because of the time restraint. If lack of time is to be claimed as a defense to an alleged violation of K.S.A. 1991 Supp. 60-211, then the burden is on the attorney claiming it to show his or her inquiry was reasonable within the time available between being retained and being forced to act. Further, in the case before us, the needed facts were all in the Greenwood County court file, the existence of which had been known to Berry since 1985. A review of that file would have disclosed all pertinent data, including the counterclaim therein. Even on the time schedule Berry believed he was operating under, the statute of limitations would have run on March 8, 1990, a Thursday. Berry filed the action herein the preceding Friday.

Berry admits he was familiar with the law of res judicata and compulsory counterclaims. He does not contend the case was warranted by existing law.

We find the trial court's determination that Berry knew, or should have known, that his pleadings were not grounded in fact and warranted by existing law are amply supported by the evidence.

We turn now to the other key element of this issue. Did Berry have a good faith argument for the extension, modification, or reversal of existing law?

It should be noted that Berry did not attempt to show the trial court, or to show us, any decision or line of decisions which it is claimed should be extended, modified, or reversed. Rather, he stated he felt sorry for his clients and was concerned that they had received poor advice in the prior action. His basis for filing the action was that the clients might have one claim left relative to the foreclosure action, that being a breach of a modified agreement. We have little in the way of specifics on this. Berry emphasizes that he probably would not have filed the action herein had he known of the counterclaim in the Greenwood County case. No change, modification, or reversal of existing law has been or is being sought herein. We conclude that the trial court's findings relative to this point are supported by substantial competent evidence.

In summary on this issue, we further conclude that no error has been shown in the trial court's determination that Berry violated K.S.A. 1991 Supp. 60-211.

We turn now to the second issue, which is whether or not the amount of attorney fees imposed was reasonable.

The main complaint in this issue is that defendant was represented by two attorneys from the same firm and that fees were allowed for the services of both. Whatever truth there may be in the old adage that "two heads are better than one," Berry believes he should only be required to pay for one. The defendant Bank's counsel submitted detailed time sheets to the trial court. Berry particularly objects to time submitted for attendance at two hearings wherein both defense counsel appeared.

The amount of attorney fees allowed under a statute lies within the sound discretion of the trial court and will not be disturbed

on appeal absent abuse of that discretion. *Cornett v. Roth*, 233 Kan. 936, 666 P.2d 1182 (1983); *Buchanan v. Employers Mutual Liability Ins. Co.*, 201 Kan. 666, 443 P.2d 681 (1968); *Smith v. Dunn*, 11 Kan. App. 2d 343, 720 P.2d 1137 (1986).

The trial court determined that the time and expense sheets showing $1,658.38 had been expended in defense of this action were reasonable. We find no abuse of discretion relative to the allowance of same.

The judgment is affirmed.

HOLMES, C.J., not participating.