(928 P.2d 104)

No. 75,032

In the Matter of the Marriage of KEVIN STOCKHAM, *Appellee*, and KIMBERLY K. RAMIREZ (formerly KIMBERLY K. STOCKHAM), *Appellant*, and JOHN M. BURNETT, *Appellant*.

Opinion filed December 13, 1996.

*David N. Johnson*, of Wichita, for appellants.

*Brett A. Reber* and *Casey R. Law*, of Bremyer & Wise, of McPherson, for appellee.

Before MARQUARDT, P.J., ROYSE, J., and CHARLES E. WORDEN, District Judge, assigned.

ROYSE, J.: Kimberly K. Ramirez (formerly Kimberly K. Stockham) and her attorney John M. Burnett appeal from an order of the district court assessing $6,392 in attorney fees against them, jointly and severally.

The order which is the subject of this appeal arises out of a series of post-judgment proceedings in a divorce case. Highly summarized, those proceedings are as follows:

The McPherson District Court granted a divorce to Kimberly K. Ramirez and Kyle Stockham on June 9, 1993. The divorce decree granted the parties joint custody of their two children, with Stockham named the primary residential parent of their son, K.T. The decree left the residential arrangement for their daughter,

K.L., subject to an agreement of the parties, which called for K.L. to split her time between the two households through November 1, 1993. The divorce decree recites that Ramirez' attorney was Stan Juhnke.

Ramirez, now represented by Robert S. Jones, filed a motion on November 15, 1993, indicating the parties had been unable to agree on continuing custody arrangements for K.L. She asked the court to grant her custody or substantial visitation until the matter was resolved. Stockham responded on November 30, 1993, by filing his own motion for residential custody and asking the court to determine the amount of child support to be paid by Ramirez.

Matters escalated in December 1993, when Ramirez filed a Chapter 38 petition in Cowley County. She alleged Stockham was not the biological father of K.L. and asked the court to order that blood tests be performed. The Chapter 38 action was transferred to McPherson County and consolidated with the divorce action.

During the course of the child custody investigation which followed, Ramirez alleged that Stockham was engaging in inappropriate behavior with K.L. No purpose would be served by detailing those allegations in this opinion. The child custody investigator concluded her report by recommending that the parties continue to have joint custody of the children, with Stockham as the primary residential parent.

Following a series of continuances, a hearing on the paternity matter was scheduled for September 16, 1994. On September 9, 1994, Robert Jones, Ramirez' second attorney, filed a motion to withdraw. The district court granted that motion. On September 13, 1994, John Burnett, an Arkansas attorney, participated in a telephone hearing on behalf of Ramirez. A later order admitted Burnett to practice in this action, pursuant to Supreme Court Rule 116 (1996 Kan. Ct. R. Annot. 146), with William S. Mills as Kansas attorney of record.

Burnett asked for a continuance of the paternity matter, telling the court he needed time to discuss the case with his client and to investigate whether she should pursue the paternity matter. The district court continued the paternity matter until October 28, 1994.

Sometime prior to the scheduled hearing date, Burnett reported to the court and other parties that Ramirez had made additional allegations of sexual misconduct by Stockham. Burnett apparently reported these allegations orally; the record on appeal contains no motion or other paper filed with the court which recited these allegations. No purpose would be served by detailing those allegations in this opinion.

The district court directed that Ramirez' allegations be investigated by the Menninger Clinic, with the investigation also to address the advisability of informing K.L. about the paternity issue and to include custody recommendations. After conducting interviews with all parties involved, a Menninger investigator determined there was no evidence of abuse and concluded that pursuing the paternity issue would by harmful to K.L. The investigator recommended the custody arrangement remain the same—joint custody, with Stockham as the primary residential parent for both children.

Stockham filed a motion for sanctions, asking that attorney fees be assessed against Ramirez and her attorney, Burnett. In the motion Stockham contended Ramirez' allegations of abuse and request for a paternity determination were frivolous claims, subject to sanctions under both K.S.A. 60-211 and K.S.A. 60-2007.

The district court entered an order for joint custody, with Stockham having primary residential custody of both children. The district court granted Stockham's request for sanctions on the basis of the following findings:

"12. At the time the paternity proceedings were filed herein, no reasonable person would have believed the District Court would find the paternity testing with respect to [K.L.] was in [K.L.'s] best interest under the *Ross* decision of the Kansas Supreme Court. A strong bond exists between [K.L.] and Mr. Stockham and a strong father/daughter relationship is established.

"13. The timing and circumstances of the filing of the paternity proceedings suggest that the paternity proceeding was filed in order to avoid returning the child to Mr. Stockham and gaining an advantage in the child custody litigation.

"14. The timing and circumstances of Respondent's allegations of sexual abuse or sexual misconduct against the Petitioner herein lead the Court to conclude that such allegations were ill-founded and were brought out of a desire to obtain an advantage for Respondent in the parties' child custody battle. The Menninger

evaluation, which the Respondent does not challenge, found no basis for any belief that the Petitioner has engaged in sexual abuse or sexual misconduct. That the Respondent had been previously advised by two attorneys not to pursue these allegations and the Menninger report strongly suggests that Respondent's motivations were driven by third-party intervention."

The district court entered an order assessing $6,392 in attorney fees against Ramirez and Burnett, jointly and severally.

Ramirez and Burnett appeal, arguing the district court abused its discretion by assessing fees against Ramirez *and* her attorney.

The two statutes relied on to authorize sanctions in this case are 60-211 and 60-2007. K.S.A. 60-211 provides in pertinent part:

"Every pleading, motion and other paper provided for by this article of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, and the attorney's address and telephone number shall be stated. . . The signature of a person constitutes a certificate by the person that the person has read the pleading; that to the best of the person's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that it is not imposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . . If a pleading, motion or other paper provided for by this article is signed in violation of this section, the court, upon motion or upon its own initiative upon notice and after opportunity to be heard, shall impose upon the person who signed it or a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including reasonable attorney fees."

K.S.A. 60-2007 provides in pertinent part:

"(b) At the time of assessment of the costs of any action to which this section applies, if the court finds that a party, in a pleading, motion or response thereto, has asserted a claim or defense, including setoffs and counterclaims, or has denied the truth of a factual statement in a pleading or during discovery, without a reasonable basis in fact and not in good faith, the court shall assess against the party as additional costs of the action, and allow to the other parties, reasonable attorney fees and expenses incurred by the other parties as a result of such claim, defense or denial. An attorney may be held individually or jointly and severally liable with a party for such additional costs where the court finds that the attorney knowingly and not in good faith asserted such a claim, defense or denial or, having gained knowledge of its falsity, failed to inform the court promptly that such claim, defense or denial was without reasonable basis in fact. . . .

. . . .

"(d) The purpose of this section is not to prevent a party from litigating bona fide claims or defenses, but to protect litigants from harassment and expense in clear cases of abuse."

At one time the decision whether to impose sanctions under 60-211 was a matter of judicial discretion, if an attorney violated the statute willfully, knowingly, and in bad faith. Under the current version of 60-211, as well as 60-2007, sanctions are no longer a matter of discretion; they shall be imposed if the requirements of the statute are shown to be present. See *Fankhauser v. Bank IV Emporia*, 251 Kan. 217, 219, 833 P.2d 1002 (1992); see also 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-211 (1996 Supp.).

In reviewing a district court's decision to impose sanctions under 60-211 and 60-2007, the standard of review is no longer abuse of discretion. Instead, the appellate court's function is to determine whether substantial competent evidence supports the trial court's findings of fact that the statutory requirements for sanctions are present. *In re Hesston Corp.*, 254 Kan. 941, 988, 870 P.2d 17 (1994); *Giblin v. Giblin*, 253 Kan. 240, 252, 854 P.2d 816 (1993).

The appellant's brief contains little in the way of challenge to the assessment of sanctions against Ramirez. She does not dispute the sufficiency of the evidence supporting the district court's findings that she pursued the paternity action without a reasonable basis for believing it was in K.L.'s best interests and not in good faith, but instead to obtain an advantage in the custody proceedings.

Ramirez does assert that the district court was negatively predisposed to her because it expressed concern at the outset that she was belatedly making accusations of sexual misconduct. Ramirez ignores the district court's further statement that judges are always immediately very apprehensive when allegations of sexual abuse are made. Ramirez also ignores the comments in the report from the Menninger investigator. The investigator noted Ramirez continued to raise longstanding objections which had been adequately addressed in an earlier custody investigation. According to the investigator, Ramirez reported K.L. had physical symptoms of abuse

but failed to ever mention that she (Ramirez) had taken K.L. to a doctor who found no evidence of abuse.

Ramirez' claim that the district court displayed bias or prejudice in assessing sanctions against her is without merit. The district court did not err in ordering Ramirez to pay attorney fees to Stockham.

Burnett argues the district court erred in assessing sanctions against him because he did not file the paternity action and did not file any paper with the court which accused Stockham of sexual misconduct. Burnett points out that 60-211 provides for sanctions when "a pleading, motion or other paper provided for by this article is signed in violation of this section." K.S.A. 60-2007 authorizes sanctions for a claim, defense, or denial made without a reasonable basis in fact and not in good faith, "in a pleading, motion or response thereto."

Resolution of this issue requires interpretation of 60-211 and 60-2007. Interpretation of a statute is a question of law, subject to unlimited appellate review. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

The Supreme Court recently reviewed an award of sanctions against parties and their attorney in *Giblin v. Giblin*, 253 Kan. 240. In reversing that order, the Supreme Court reasoned that 60-211 and 60-2007 do not apply to claims made orally:

"The appellants are not subject to sanctions because of their *oral* rejection of the settlement agreement on October 1, 1991. The claims of the party subject to sanctions must be in 'a pleading, motion or other paper,' K.S.A. 1992 Supp. 60-211, or 'in a pleading, motion or response thereto,' K.S.A. 60-2007. Thus, November 5, 1991, is the operative date because it is the date the appellants responded to the motion to enforce the settlement agreement." (Emphasis added.) 253 Kan. at 255.

See also *State v. Phelps*, 226 Kan. 371, 380, 598 P.2d 180 (1979); *Trulis v. Barton*, 67 F.3d 779, 789 (9th Cir. 1995) (Rule 11 sanctions only available with regard to papers filed with the court); *White v. American Airlines, Inc.*, 915 F.2d 1414, 1426 (10th Cir. 1990) (Rule 11 focuses on the individual who signs the document in question); and Comment, *Frivolous Litigation, Discretionary*

*Sanctioning and a Safe Harbor: The 1993 Revision of Rule 11*, 43 Kan. L. Rev. 207, 217 (1994).

Stockham did not directly respond to this issue on appeal. At no time has there been an argument that the statutory references in 60-2007 to claims made "during discovery," or to the failure to inform the court that a claim is false, are applicable here.

The motion for sanctions filed in this case did not reference any paper filed by Burnett with the district court. The record on appeal, in fact, contains few documents that are in fact signed by Burnett. Compare *Turner v. Sungard Business Systems, Inc.*, 91 F.3d 1418, 1421 (11th Cir. 1996) (affirmed imposition of sanctions against substitute counsel who signed entry of appearance). The district court's order imposing sanctions fails to mention any paper signed by Burnett that was filed with the court.

Because the findings of the district court regarding Burnett do not show the statutory requirements for sanctions are present, the order assessing fees against Burnett is reversed, and the case is remanded for further proceedings consistent with this opinion.

For purposes of any further proceedings regarding this matter, the parties are urged to review the duties of local counsel under Rule 116 and *Architectural & Engineered Products Co. v. Whitehead*, 19 Kan. App. 2d 378, Syl. ¶ 2, 869 P.2d 766, *rev. denied* 255 Kan. 1000 (1994).

Affirmed in part, reversed in part, and remanded.