(992 P.2d 1250)

No. 82,387

No. 82,801

BUSINESS OPPORTUNITIES UNLIMITED, INC., MARK D. WASSERSTROM, *Appellants,* v. ENVIROTECH HEATING & COOLING, INC., JAMES R. LEICHTER, and RICHARD L. DILLON, *Appellees.*

Opinion filed November 24, 1999.

*H. Reed Walker,* of Law Offices of H. Reed Walker, of Mission, for the appellants.

*Quentin L. Brown, Esq.,* of Brown Law Firm, L.L.C., of Overland Park, for the appellees.

Before PIERRON, P.J., LEWIS, J., and PADDOCK, S.J.

PIERRON, J.: Business Opportunities Unlimited, Inc., (BOU) is a broker for the sale of small to medium sized businesses. Mark D. Wasserstrom is its attorney. Envirotech Heating & Cooling, Inc., (Envirotech) and its president, James Leichter, signed a listing agreement dated January 25, 1995, by which it hired BOU to list the business for sale. BOU introduced Leichter to a prospective buyer, Steven Ortmann. On March 20, 1995, Envirotech entered into an asset purchase agreement with Envirotech HVAC/R, Inc. (a corporation created by Ortmann for the transfer). The sale closed April 3, 1995.

Under the terms of the listing agreement between BOU and Envirotech, BOU was arguably entitled to a commission equal to

10% of the purchase price or $20,000, whichever was greater. Leichter refused to pay the commission. On January 18, 1996, BOU sued Envirotech and Leichter for breach of the listing agreement and for civil conspiracy to subvert a contract. The parties engaged in discovery and depositions, including that of Richard Dillon, another business broker whom Leichter had consulted on business matters. This lawsuit was dismissed for failure to prosecute.

On March 12, 1997, BOU refiled its suit against Envirotech and Leichter, and added defendants Ortmann, Envirotech HVAC/R, Inc., and Dillon. BOU charged breach of contract by Envirotech; that BOU was a third-party beneficiary of an agreement by Leichter and Ortmann to pay half the broker's fee each; and conspiracy by Ortmann, Leichter, and Dillon to tortiously deprive BOU of its commission. BOU settled with Ortmann and Envirotech HVAC/R, Inc., and dismissed the claims against them.

At the pretrial conference, BOU abandoned its theory of civil conspiracy against Dillon and Leichter. Envirotech and Dillon filed motions for summary judgment on the remaining counts. The district court granted the motions for summary judgment after finding that BOU's motions in opposition to summary judgment had failed to comply with Kansas Supreme Court Rule 141(b) (1999 Kan. Ct. R. Annot. 176). The court later found that Wasserstrom was liable to Dillon for all costs and attorney fees under K.S.A. 60-211 for Dillon's defense of the lawsuit. BOU and Wasserstrom appeal. Dillon has filed a brief but Envirotech and Leichter have not.

BOU first argues the district court erroneously granted summary judgment in favor of the defendants.

Our standard of review for cases decided on summary judgment is that we will examine all the evidence to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. We resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. However, a party opposing a motion for summary judgment must come forward with evidence to establish a dispute as to a material fact. See *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 (1999).

BOU filed responses to the motions for summary judgment. However, the responses did not set forth "in separately numbered paragraphs [corresponding to the numbered paragraphs of movant's memorandum or brief] a statement whether each factual contention of movant is controverted, and if controverted, a concise summary of conflicting testimony or evidence," as required by Kansas Supreme Court Rule 141 (1999 Kan. Ct. R. Annot. 176). The district court adopted the defendants' statement of uncontroverted facts. We agree with the court's treatment of the summary judgment motions and find no abuse of discretion in applying Rule 141. "Rule 141 is not just fluff—it means what it says and serves a necessary purpose." *McCullough v. Bethany Med. Center,* 235 Kan. 732, 736, 683 P.2d 1258 (1984). See *Ruebke v. Globe Communications Corp.,* 241 Kan. 595, 604, 738 P.2d 1246 (1987)(the district court may deem the motion for summary judgment submitted and the opposing party as having admitted the uncontroverted facts set forth in the movant's statements; reviewing court examines whether district court abused its discretion). Refusal to follow these rules may often indicate a lack of substance in the parties' arguments that is attempted to be camouflaged through vagueness. A party ignores Rule 141 at its peril.

On appeal, BOU argues it established a prima facia case of breach of contract and its entitlement to commissions. BOU also argues the district court improperly tried and determined disputed facts concerning breach of contract and tortious interference. In its appellate brief, BOU states:

"Granted, plaintiff's attorneys did not entirely follow the mandate of Kansas Supreme Court Rule 141 in responding to Leichter's and Envirotech's Motions for Partial Summary Judgment [and Dillon's motion for summary judgment]. Had they done so, the trial court could have seen there were at least such facts in dispute that reasonable minds might differ as to the conclusions to be drawn therefrom, and that judgment was not appropriate. To punish the plaintiff by entering judgment against it because lawyers did not follow a court rule, although discretionary, may be considered by the appellate court as abuse of discretion."

While we do not encourage hypertechnical enforcement of Rule 141 when its spirit is complied with, that is not the case here on either count.

We note that BOU fails to set forth evidence to establish two elements of a claim of tortious interference, namely that except for the conduct of the defendant, the plaintiff was reasonably certain to have realized an expectancy, and that the damages suffered by the plaintiff resulted from the defendant's misconduct. See *Turner v. Halliburton Co.*, 240 Kan. 1, Syl. ¶ 8, 722 P.2d 1106 (1986). After adopting the findings of fact and conclusions of law set forth in Dillon's motion for summary judgment, the district court ruled that BOU failed to put forth any evidence demonstrating a genuine dispute as to whether Dillon was *any* cause, much less the *sole* cause, of an alleged breach of BOU's listing agreement with Envirotech. We find no evidence to dispute this ruling.

BOU claims there was a phone call between Dillon and a BOU executive wherein Dillon allegedly discussed the necessity of the BOU fee being reduced. Even if we accept BOU's reduced commission/phone call theory, BOU can point to no evidence that Dillon *caused* Leichter not to pay the commission by urging BOU to accept a reduced commission. There was substantial evidence that Leichter had many complaints about the way BOU performed and refused to pay the fee for that reason. There was no evidence that Dillon caused him to make that decision. BOU only suspected that Dillon had a hand in it.

As for BOU's claim of breach of contract, the district court adopted the findings of fact and conclusions of law set forth in Envirotech's motion for summary judgment. Envirotech asserted claims of breach of confidentiality agreement, breach of duty to provide represented services and competent services, and breach of duties of disclosure. In its response motion, BOU did not address the facts in Envirotech's summary judgment motion, and the only comment to the conclusions of law was that "[w]hile Leichter may be able to list various complaints, he does not claim that any damage results from the complaints." BOU then explained how it was entitled to commissions since Envirotech breached the broker agreement. BOU makes these same arguments on appeal.

By accepting Envirotech's motion, the district court concluded that BOU's breaches of contract and/or fiduciary duties relieved Envirotech of its duty to pay commissions. See *Bessman v. Bess-*

*man,* 214 Kan. 510, 519-20, 520 P.2d 1210 (1974). Under our rules of summary judgment, BOU has failed to come forward with evidence to establish a dispute as to the facts or conclusions relied upon by the district court.

The district court did not err in granting summary judgment to Envirotech, Leichter, and Dillon.

Wasserstrom also argues the district court erred by imposing sanctions against him pursuant to K.S.A. 60-211 for including Dillon as a defendant in the lawsuit.

"In reviewing a district court's decision to impose sanctions under K.S.A. 60-211 and K.S.A. 60-2007, an appellate court's function is to determine whether substantial competent evidence supports the trial court's findings of fact that the statutory requirements for sanctions are present." *In re Marriage of Stockham,* 23 Kan. App. 2d 197, Syl. ¶ 1, 928 P.2d 104 (1996). "Substantial evidence is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. [Citation omitted.]" *Sampson v. Sampson,* 267 Kan. 175, 181, 975 P.2d 1211 (1999).

K.S.A. 1998 Supp. 60-211(b)(1), (2), (3), and (4) provide that an attorney's signature on a pleading or motion constitutes a certification that counsel has read the pleading and that to the best of the attorney's knowledge, information, and belief formed *after an inquiry reasonable under the circumstances*: (1) that the pleading is not intended to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) that the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument to extend or modify the existing law; (3) that the factual contentions have evidentiary support or are likely to have evidentiary support after reasonable opportunity for further investigation or discovery; and (4) denials of factual contentions are warranted on the evidence or lack of information or belief.

BOU's petition alleged that Dillon was a coconspirator who "worked with Leichter to prevent BOU from getting its commission" upon the purchase and sale of Envirotech, that he "encouraged Envirotech not to pay any commission to BOU," and that he "insinuated himself into the transaction and tried to negotiate with

BOU for a reduced commission of $5,000 on behalf of Envirotech." The district court found these allegations were without factual basis or merit, lacked evidentiary support, and were contrary to the previous deposition testimony of Dillon, Leichter, and Ortmann.

The district court found that Wasserstrom failed to undertake sufficient reasonable investigation to dispute the evidence that Leichter unilaterally decided not to pay BOU's commission, that Leichter advised BOU he would not pay the commission because BOU had not done its job, that Leichter had not had any contact with Dillon prior to the closing of the sale, that Leichter was unaware for a period of time after the closing that Dillon was even involved in the transaction, that Ortmann was not precluded from consulting with Dillon, or that Dillon did nothing to cause Leichter to refuse to pay the commission.

Also, in BOU's answer to interrogatories in response to questions of how Dillon "insinuated himself" into the transaction, BOU stated: "In both the depositions of Richard Dillon and Stephen Ortmann, they admitted to having worked together on trying to get plaintiff to reduce its commissions." In the same interrogatories, BOU also stated: "As shown in the Confidentiality Agreement, Ortmann was not supposed to share information about the transaction with any third party, including Richard Dillon." The district court found both of these answers to be without support in the relied upon depositions and that BOU's interrogatory responses were evidence of bad faith indicative of a purpose to harass or cause needless cost to Dillon.

The district court also found that prior to filing suit, BOU failed to issue a demand letter to Dillon as suggested standard practice by the Kansas Supreme Court in *Nelson v. Miller*, 227 Kan 271, 284-85, 607 P.2d 438 (1980). The court found no recognized excuse for BOU's failure, as the case was refiled almost 1 year after Dillon had been deposed in the predecessor case dismissed by the district court.

The district court concluded there was sufficient indicia to find that Wasserstrom in bad faith violated K.S.A. 60-211 regarding the claims against Dillon and also sufficient indicia to find those claims were pursued to harass and/or cause needless expense to Dillon.

Wasserstrom's position on appeal is that he conducted discovery before he filed suit and knew that BOU's version of the facts did not match those of either Dillon, Leichter, or Ortmann, namely that the latter would argue that no commission was owed because BOU did not do its job and that Dillon did not attempt to induce Leichter to reduce or avoid BOU's commission. He maintains he pursued the matter under a reasonable basis in fact and in good faith. He also contends the district court focused heavily on the fact that he did not make a pre-suit demand upon Dillon and suggests that a demand letter would have done little to satisfy any investigative or good faith requirement.

The district court relied upon *Reyna v. General Group of Companies*, 15 Kan. App. 2d 591, 814 P.2d 961, *rev. denied* 248 Kan. 996 (1991), and *Levine v. F.D.I.C.*, 2 F.3d 476 (2d Cir. 1993), as supporting authority. As stated by the court in *Reyna*, Wasserstrom was required to make reasonable inquiry to determine whether the allegations in the petition were well grounded in fact; otherwise he opened himself up to sanctions under K.S.A. 60-211.

For the most part, Wasserstrom does not address the basis of the court's ruling, namely that prior to filing the lawsuit, he had *no* evidence to contradict the testimony that Leichter unilaterally decided to not pay a commission to BOU, that Leichter advised BOU he would not pay the commission because BOU had not done its job, that Leichter had not had any contact with Dillon prior to the closing of the sale, that Leichter was unaware for a period of time after the closing that Dillon was even involved in the transaction, that Ortmann was not precluded from consulting with Dillon, or that Dillon did anything that caused or contributed to cause Leichter to refuse to pay the commission. On appeal, Wasserstrom also does not address the interrogatory abuses cited by the court as indicating further bad faith on his part.

We find there is substantial competent evidence to support the district court's finding that Wasserstrom knew or should have known from previous depositions that the claims against Dillon were without factual basis or merit; nevertheless, he pursued legal process of the matter. We find no error in the court's decision to impose sanctions against Wasserstrom pursuant to K.S.A. 60-211.

Affirmed.