NOT DESIGNATED FOR PUBLICATION

No. 122,647

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANDY T.L. WILLIAMSON,
*Appellant*,

v.

MJB HOTELS LLC d/b/a AMERICAN MOTEL,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; COURTNEY MIKESIC, judge. Opinion filed October 15, 2021. Affirmed.

*Andy T.L. Williamson*, appellant pro se.

*John G. Schultz*, of Franke Schultz & Mullen, P.C., of Kansas City, Missouri, for appellee.

Before GARDNER, P.J., HILL and HURST, JJ.

PER CURIAM: From May 2017 to March 2018, Andy T.L. Williamson stayed in the same room at the American Motel in Wyandotte County. American Motel then warned him of violations of its hotel policy, gave him two notices to remedy the violations, and evicted Williamson when he failed to do so. Williamson sued, asserting several claims against American Motel, including one under the Residential Landlord and Tenant Act (RLTA), K.S.A. 58-2540 et seq. In due course, MJB Hotels moved for summary judgment. The district court found the RLTA did not apply and granted summary judgment for American Motel on all claims. Williamson appeals. Although some of his claims are barred by procedural errors, we consider whether the district court

1

erred in applying the RLTA's exception for transient occupancy in a hotel, motel, or rooming house. Yet finding no error, we affirm the district court's grant of summary judgment.

*Factual and Procedural Background*

The facts are largely undisputed. From May 2017 to March 2018, Williamson was a guest at American Motel and stayed in the same room. American Motel is owned by MJB Hotels LLC. The Unified Government of Wyandotte County categorizes it as a "motel."

American Motel has a written hotel policy that it provides to its guests. MJB requires guests to sign the electronic signature registration pad outside its check-in window to confirm receipt of that policy. Williamson signed the signature registration pad signifying he had received a copy of MJB's hotel policy.

MJB's hotel policy includes this language:

- "There will be no maintenance of vehicles on property at any time. All vehicles must be properly licensed and in working condition."
- "You will receive full housekeeping services ONCE a week, on the fourth day of your week's stay. This is not optional & housekeeping will not honor a 'do not disturb' sign on the door. . . . There are no exceptions to this policy."
- "Management does reserve the right to inspect daily if needed. . . . Management does reserve the right to enter regardless of the 'do not disturb' notice."
- "Any violation will result in immediate eviction without a refund."

2

Still, Williamson denies that he ever received a copy of the hotel policy.

Williamson owned three vehicles that he kept in the parking lot at American Motel. MJB warned Williamson in March and April 2018 to remove his 2000 Cadillac Escalade, claiming it had a flat tire, yet Williamson failed to do so. MJB discontinued Williamson's stay at American Motel because of his alleged violations of the hotel policy, and his vehicles were towed away.

Williamson sued, alleging: (1) He was unaware of any hotel policy, (2) because the hotel policy references "American Inn," it is not a true policy of American Motel, (3) he properly tagged all of his vehicles and they were in working condition, (4) American Motel had no right to enter his room but did so anyway, (5) he was a tenant, not a guest, and (6) American Motel illegally evicted him. Williamson alleged he tried to return on the day he was evicted to retrieve his personal belongings but was denied access.

Williamson's petition lists five claims against American Motel (MJB): (1) violating K.S.A. 58-2563 of the RLTA; (2) violating "Federal Law and Kansas State law" by refusing to provide a room for him; (3) harassment by causing unjustified stress; (4) invasion of privacy; and (5) loss of personal property by defendant's action. MJB's answer denied each claim and raised several affirmative defenses.

MJB later moved for summary judgment. Part of its evidence showed that its attorney had offered Williamson access to his old motel room for five to six weeks to retrieve his belongings and had offered to meet Williamson at a specific time so he could do so. Williamson removed his items from American Motel on June 17, 2018, but he refused to sign a receipt confirming that he had done so.

3

The district court found that the RLTA did not apply to Williamson because that Act applies to tenants and landlords but not to "transient occupancy in a hotel, motel, or rooming house." K.S.A. 58-2541(d). The district court found that the American Motel was registered as a hotel or motel under Kansas law and that Williamson was a transient occupant there. The district court also found that because the relationship between Williamson and MJB was not defined by a written contract nor by operation of law, it fell within the RLTA's transient occupancy exception. The district court thus granted summary judgment as to that claim.

The district court also granted summary judgment for the remaining claims, finding:

- Williamson referenced no state or federal law when claiming MJB did not have the right to refuse him a room.
- Williamson referenced no statute or authority to bring a harassment claim and that Kansas does not recognize a private cause of action for harassment aside from protection from stalking under K.S.A. 60-31a02.
- Williamson's claim for punitive damages was filed out of time and did not comply with requirements of Kansas law.
- Williamson's claim for invasion of privacy did not allege any action by MJB that "intentionally interfered [with plaintiff's] solitude or seclusion, or the individuals invading his privacy"; or any legally recognizable damages from that invasion.
- Williamson failed to allege actions by MJB resulting in his loss of personal property since Williamson had access to his property to retrieve his things and failed to remove his vehicles before some unknown tow company removed them.

Williamson appeals.

4

*Did the District Court Err in Granting Summary Judgment*?

*Preservation*

This court considers issues not briefed, or inadequately briefed, to be waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018); *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). So a point raised incidentally in a brief and not argued in it is also considered abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). And failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018).

And although we must liberally construe pro se pleadings to give effect to the content, we still hold pro se litigants to the same procedural and evidentiary rules as licensed attorneys. We cannot give a pro se litigant either an advantage or a disadvantage for proceeding pro se. *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595-96, 730 P.2d 1109 (1986).

The purpose of the appellant's brief is to alert the appellee "to all possible arguments on appeal." *State v. Boyd*, 268 Kan. 600, 606, 999 P.2d 265 (2000). The Kansas appellate procedure rules require an appellant's brief to meet certain minimum criteria. The brief must contain the "arguments and authorities relied on, . . . [and e]ach issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on." Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 36). Similarly, Supreme Court Rule 141(a)(2), which controls summary judgment procedure in the district court, requires each fact to be supported by "precise references to pages, lines, and/or paragraphs—or to a time frame if an electronic recording—of the portion of the record"

being relied on. (2021 Kan. S. Ct. R. 221). "Refusal to follow these rules may often indicate a lack of substance in the parties' arguments that is attempted to be camouflaged through vagueness. A party ignores Rule 141 at its peril." *Business Opportunities Unlimited, Inc. v. Envirotech Heating & Cooling, Inc.*, 26 Kan. App. 2d 616, 618, 992 P.2d 1250 (1999).

*Issues Raised in the District Court but Not Briefed on Appeal*

Williamson raised several issues in his petition that he does not raise on appeal. In Williamson's district court petition, he alleged five claims against MJB: (1) violating the RLTA, specifically K.S.A. 58-2563; (2) violating "Federal Law and Kansas State law" by refusing to furnish Williamson a room; (3) "harassment" by causing "unjustified stress"; (4) invasion of privacy; and (5) loss of personal property by "defendant's action." But on appeal, Williamson's brief complains only about summary judgment relating to the RLTA (Issues I, II, and III) and his personal property loss (Issue V). So for purposes of appeal, Williamson has abandoned all other claims. See *Arnett*, 307 Kan. at 650.

*Issues Raised to the District Court and on Appeal but Inadequately Briefed*

Williamson raised his claim of personal property loss (Issue V) to the district court and on appeal. This issue involves questions of fact as well as questions of law. Although Williamson makes some factual statements about the removal of his personal belongings in his "Standard of Review," he cites no statutes or caselaw nor makes any argument. So we cannot tell what his theory of recovery is—whether based in contract, tort, a landlord/tenant relationship, or something else. Nor can we determine whether this claim relates to his property that was in his room or rather to his vehicles that were towed. Because Williamson's personal property claim lacks legal authority and argument, we consider the issue inadequately briefed and thus abandoned. See *In re Adoption of T.M.M.H.*, 307 Kan. at 912; *In re Marriage of Williams*, 307 Kan. at 977.

Similarly, Williamson's brief lists eight issues for this court's review but argues only four of them. Because Williamson does not adequately brief issues four, six, seven, or eight, we consider them waived and abandoned. *Russell*, 306 Kan. at 1089.

This leaves the first three issues listed in Williamson's brief. Liberally construed, these issues challenge the district court's application of the transient occupancy exception under the RLTA. Although Williamson's brief lacks much analysis of this issue, we choose to review whether Williamson's motel occupancy with MJB fits under the "transient occupancy" exception of the RLTA, as this question turns on an interpretation of law and Williamson provides a relevant statutory citation. We thus consider whether the district court properly granted summary judgment under the RLTA.

*Standard of Review and Basic Legal Principles*

"'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Cady v. Schroll*, 298 Kan. 731, 734, 317 P.3d 90 (2014). When considering the motion, a court must resolve all facts and inferences which the court may reasonably draw from the evidence in favor of the party against whom summary judgment is sought. *Patterson v. Cowley County*, 307 Kan. 616, 621, 413 P.3d 432 (2018).

The party opposing summary judgment must come forward with evidence to establish a dispute as to a material fact. These facts must be material to the conclusive issues in the case to preclude summary judgment. The court must deny a motion for summary judgment if reasonable minds could differ over the conclusions drawn from the evidence. *Patterson*, 307 Kan. at 621. On appeal, we consider the motion de novo and

7

apply the same standards which the district court applied without deference to the district court's decision or rationale. *Cady*, 298 Kan. at 734.

> "An issue of fact is not genuine unless it has legal controlling force as to the controlling issue. A disputed question of fact which is immaterial to the issue does not preclude summary judgment. In other words, if the disputed fact, however resolved, could not affect the judgment, it does not present a 'genuine issue' for purposes of summary judgment." *Foxfield Villa Assocs. v. Robben*, 57 Kan. App. 2d 122, 126, 449 P.3d 1210 (2019), *rev. denied* 311 Kan. 1045 (2020).

When we interpret the RLTA, we use an unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

*Analysis*

Williamson contends that the district court erred in finding the exception in the RLTA applied to him, barring his claim against MJB.

*Residential Landlord and Tenant Act*

The RLTA is codified in K.S.A. 58-2540 et seq. Its definitions are crucial here:

- Landlords—the "owner, lessor or sublessor of the dwelling unit, or the building of which it is a part, and it also means a manager of the premises who fails to disclose as required by K.S.A. 58-2551." K.S.A. 58-2543(e).
- Tenants—persons "entitled under a rental agreement to occupy a dwelling unit to exclusion of others." K.S.A. 58-2543(o).
- Rental agreements—"all agreements, written or oral, and valid rules and regulations adopted under K.S.A. 58-2556 . . . embodying the terms and

conditions concerning the use and occupancy of a dwelling unit and premise." K.S.A. 58-2543(k).

- Rent—"all payments to be made to the landlord under the rental agreement, other than the security deposit." K.S.A. 58-2543(j).

The RLTA provides several exceptions to its applicability, including one for "transient occupancy in a hotel, motel or rooming house." K.S.A. 58-2541(d). The district court applied this exception to Williamson. But the RLTA does not define "transient," "occupancy," or "transient occupancy." See K.S.A. 58-2543.

*Interpreting the RLTA*

An appellate court must first try to determine legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Nauheim*, 309 Kan. at 149. When construing statutes to determine legislative intent, appellate courts must consider various provisions of an act together with a view of reconciling and bringing the provisions into workable harmony if possible. *Miller v. Board of Wabaunsee County Comm'rs*, 305 Kan. 1056, 1059, 390 P.3d 504 (2017).

The primary dispute is whether Williamson was a transient, as the facts establish that he was an occupant at American Motel and that the motel was, in fact, a motel. Because the RLTA does not define the term "transient," we look to more general sources. Black's Law Dictionary 1804 (11th ed. 2019) defines "transient" as a " person or thing whose presence is temporary or fleeting." Webster's New World College Dictionary 1539 (5th ed. 2014) defines "transient" as "staying only for a short time [the *transient* population at resorts] . . . a transient person or thing [*transients* at a hotel.]" Because "transient" modifies "occupancy" in the statute, a reasonable interpretation of that phrase in context is temporary or fleeting residence in a motel, hotel, or rooming house. See K.S.A. 58-2541(d).

*Application of the RLTA*

Our analysis turns on a question of law—whether Williamson falls within the hotel or motel "transient occupancy" exception to the RLTA. Williamson argues that he does *not* fall within the exception to the RLTA's application under K.S.A. 58-2541(d) because he was not a transient occupant of a hotel, motel, or rooming house.

But Williamson fails to show what his relationship was with American Motel. By arguing that the RLTA applies, he tacitly contends that he was a tenant. Yet he fails to show that he was "entitled under a rental agreement to occupy a dwelling unit to exclusion of others," as the RLTA requires for one to be a tenant. K.S.A. 58-2543(o). The record does not show that Williamson had any rental agreement, written or oral, with MJB or American Motel. To the contrary, the only agreement in the record showing the relationship between Williamson and the American Motel or MJB was the hotel policy. Nor did Williamson show that he was entitled "to occupy a dwelling unit to exclusion of others." Rather, MJB showed that it did not allow Williamson, under hotel policy, to occupy the room to the exclusion of others, as it reserved the right to conduct daily and weekly room inspections and to disregard "do not disturb" signs on doors. Those rights are not like those that landlords have as to tenants.

Williamson relies mainly on the definition of "transient guest" in K.S.A. 79-5301(c), the Transient Guest Tax section of the Kansas Tax Code. Under the tax code, "Transient guest" means "a person who occupies a room in a hotel, motel or tourist court for not more than 28 consecutive days." K.S.A. 79-5301(c). Both parties agree that Williamson occupied his room in American Motel for longer than 28 days. So, Williamson contends, because he was a transient guest under the tax code, he was necessarily a "transient occupant" under the RLTA. But this definition of "[t]ransient guest" in the Transient Guest Tax section defines the term only as it applies to the tax code. See K.S.A. 79-5301 ("As used in K.S.A. 79-5301 through 79-5304 [Transient

10

Guest Tax statutes], and amendments thereto, the following words and phrases shall have the meanings respectively ascribed to them herein."). This definition does not apply to the RLTA. Rather, the RLTA has chosen not to define "transient occupant" by any number of days or by any other fixed star.

The record shows that Williamson was not a tenant but a temporary guest at the American Motel, although not a fleeting one. He had no rental agreement, he could not use his room to the exclusion of others, the motel reserved the right to terminate his stay, and he was not a "tenant" as defined under the RLTA. We find no error in the district court's finding that the RLTA's exception for transient occupants applied, barring Williamson's claims under the RLTA.

For all the reasons stated above, we affirm the district court's grant of summary judgment.

Affirmed.