(788 P.2d 287)

No. 63,618

STATE OF KANSAS, *Appellee*, v. ADRIAN REQUENA, *Appellant*.

Opinion filed March 2, 1990.

*Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Julie McKenna*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, P.J., GERNON and LEWIS, JJ.

LEWIS, J.: This is an appeal by appellant from the decision of the trial court to revoke his probation and reinstate his original sentence.

The facts are the typical facts that this court is seeing with increasing frequency. The scenario is rather simple: a defendant pleads guilty to a crime, is sentenced, but is given the privilege of probation on certain conditions. That defendant then violates the terms of his probation by committing an additional crime and

then complains when the judge revokes the probation. It is very difficult to find merit in an appeal of this nature.

Justice Holmes of the Kansas Supreme Court in *Baker v. State*, 243 Kan. 1, 10, 755 P.2d 493 (1988), stated:

"In an appeal from a criminal conviction, appellate counsel should carefully consider the issues, and those that are weak or without merit, as well as those which could result in nothing more than harmless error, should not be included as issues on appeal. Likewise, the fact that the defendant requests such an issue or issues to be raised does not require appellate counsel to include them. Conscientious counsel should only raise issues on appeal which, in the exercise of reasonable professional judgment, have merit."

The same admonition is applicable to an appeal from a denial of a motion seeking relief under K.S.A. 60-1507.

In this case, the defendant entered a plea of guilty to charges of misdemeanor theft and felony criminal damage to property. He was sentenced to concurrent terms of one year on the theft charge and one to two years on the criminal damage to property charge.

Within a year of having been granted probation, defendant committed another crime in direct violation of his probation agreement. This violation was dutifully reported to the court and a due process hearing was held. The trial court found defendant had violated the terms of his probation, revoked that probation, and remanded defendant to the custody of the secretary of corrections.

Finding no error, we affirm.

Appellant's sole argument on appeal is that the trial court abused its discretion when it revoked his probation. The gist of his argument is that, because alcohol abuse is his real problem, probation should have been continued so that he could seek treatment for alcohol abuse.

Aside from the fact that the secretary of corrections offers numerous programs designed to deal with alcohol abuse, we hold the trial court did not abuse its discretion.

"Judicial discretion is abused when judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court." *Stayton v. Stayton*,

211 Kan. 560, 562, 506 P.2d 1172 (1973). "The test on appellate review of whether the trial court abused its discretion is whether no reasonable person would agree with the trial court." *Hoffman v. Haug*, 242 Kan. 867, 873, 752 P.2d 124 (1988).

It is readily apparent to this court, and we so hold, that the trial court did not abuse its discretion in revoking probation in this case.

Appellant's probation was revoked because he violated the first condition of that probation, to refrain from violating the law. As we have pointed out on many occasions, probation is not a matter of right but a privilege, and one who willfully violates the conditions of that probation is not in a position to complain when it is revoked as a result of his own unlawful activities. The action of the trial court revoking appellant's probation is affirmed.

Affirmed.