NOT DESIGNATED FOR PUBLICATION

No. 115,358

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

RUDOLPH EDWARD GEORGE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed February 3, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., ATCHESON, J., and STUTZMAN, S.J.

*Per Curiam*:  On December 3, 2015, Rudolph Edward George appeared in the district court for imposition of sanctions for violating the terms of his probation. George had appeared previously, on October 29, 2015, and stipulated to the alleged violations. The district court revoked George's probation and ordered him to serve his underlying sentence. George timely appealed, we granted his motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48), and the State has filed a response. We find no error by the district judge, and we affirm.

1

FACTS AND PROCEDURAL BACKGROUND

In April 2014, following a guilty plea to one count of aggravated escape from custody, a severity level 8 nonperson felony, the district court sentenced George to 19 months in prison, the standard presumed sentence consistent with George's category "B" criminal history. George's placement on the sentencing grid presumed service of his prison sentence, but the court granted a dispositional departure and placed him on probation for a term of 18 months.

At a hearing before a judge pro tem on October 29, 2015, George stipulated to probation violations, including failing to report to his probation officer, failing to complete his community service, and an arrest and federal indictment for possession of a handgun and drugs with intent to distribute. The State argued for an order that George be remanded to serve his sentence. George contended since it was the first violation on this case, he should receive an intermediate sanction, as prescribed under K.S.A. 2015 Supp. 22-3716. The judge continued the case for the district judge to determine the appropriate disposition.

On December 3, 2015, the parties appeared before the district judge, who considered their arguments about the course to be taken following George's violations. Although it was the first violation for this case, the judge found the statutory imposition of either a 2- or 3-day jail sanction was not appropriate. Instead, the district court found the safety of members of the public would be jeopardized if George were to remain on probation, bringing the case within the exception under K.S.A. 2015 Supp. 22-3716(c)(9), which allows bypass of intermediate sanctions. The court revoked George's probation and ordered that he be remanded to the custody of the Kansas Department of Corrections to serve his underlying prison sentence.

ANALYSIS

George now argues the district court abused its discretion when it revoked his probation and ordered him to serve his underlying sentence. Probation is not a right, but a privilege. *State v. Requena*, 14 Kan. App. 2d 234, 236, 788 P.2d 287 (1990). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Corey*, 304 Kan. 721, 730-31, 374 P.3d 654 (2016).

K.S.A. 2015 Supp. 22-3716 requires, as the general rule, that a district judge must impose a regime of graduated sanctions for probation violators before revoking probation and ordering service of sentence. However, that section provides for limited exceptions, including the following:

> "[A district court] may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2015 Supp. 22-3716(c)(9).

In this case, the district judge complied with the requirement for particularity and stated her reasons for deviating from the standard scheme of sanctions, which included: the underlying conviction was for aggravated escape from custody; George had been under felony supervision at the time of the crime; the current probation violations were "numerous and serious"; among the violations was an arrest for possession of firearms and illegal substances; another of the violations was for failure to report; and the U.S. Marshals and the Bureau of Alcohol, Tobacco, and Firearms had lodged detainers against

3

George. The court further found that George would not benefit from continued probation as he was going to be in federal custody and had received all services available to him.

The district court's findings provided a reasonable basis under K.S.A. 2015 Supp. 22-3716(c)(9) to conclude that continuing George on probation would jeopardize public safety and would not benefit him. We cannot say the district court's decision to revoke George's probation was arbitrary, fanciful, or unreasonable, nor was it based on an error of law or fact. See *Corey*, 304 Kan. at 730-31. Thus, we conclude that the district court did not abuse its discretion in revoking George's probation and ordering him to serve his underlying prison sentence.

Affirmed.